**Billy SEATON, Plaintiff-Appellant,**

v.

**NATIONAL GRANGE MUTUAL
INSURANCE COMPANY,
Defendant-Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

March 12, 1987.

Permission to Appeal Denied by
Supreme Court June 15, 1987.

Gordon Ball, Newport, for plaintiff-appellant.

Walter O. Waddy, Kingsport, for defendant-appellee.

OPINION

FRANKS, Judge.

Plaintiff's action to recover the value of his stolen automobile from his insurance company was dismissed by the trial judge on the basis that plaintiff's misrepresentations, made at the time of obtaining the policy, "increased the risk of loss."[1]

The jury empaneled to establish the facts, responding to interrogatories, answered the insured had made misrepresentations about his driving record but the misrepresentation was not made with the intent to deceive.

Plaintiff's application for insurance, signed and dated December 1, 1984, under "Violations and Chargeable Accidents", contained one entry which had been obliterated. The record established plaintiff had been involved in an accident involving personal injury on February 8, 1983, and an accident on September 17, 1984 with personal injury. Also, speeding tickets dated June 3 and August 4, 1984, wherein plaintiff was charged with speeds of 75 m.p.h. in a 55 m.p.h. zone.

Subsequent to the jury's determination, the trial judge held the misrepresentation increased defendant's risk pursuant to the statute and dismissed the action.

The applicable rules are well stated in *Broyles v. Ford Life Ins. Co.*, 594 S.W.2d 691 (Tenn.1980), at p. 693:

> Under T.C.A. § 56–1103, when it has been determined that the answers contained in the application are untrue, it becomes a question of law, not fact, for the court as to whether the misrepresentations materially increased the risk of loss. *Sloop v. Mutual of Omaha Ins. Co.*, 55 Tenn.App. 656, 404 S.W.2d 265 (1965); *Little v. Washington National Ins. Co.*, 34 Tenn.App. 593, 241 S.W.2d 838, 840 (1951). And, "[a]ny misrepresentation which naturally and reasonably influences the judgment of the insurer in

---

1. T.C.A., § 56–7–103 provides:

*Misrepresentation or warranty will not avoid policy—Exceptions.* No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor, by the as-

sured or in his behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.

making the contract is a misrepresentation that 'increases the risk of loss' within the meaning of the statute." *Little v. Washington National Ins. Co., supra. See also Volunteer State Life Ins. Co. v. Richardson*, 146 Tenn. 589, 244 S.W. 44, 49 (1922) wherein it is pointed out that:

It is not to be left to the insurance company to say after a death has occurred that it would or would not have issued the policy had the answer been truly given. It is true the practice of an insurance company with respect to particular information may be looked to in determining whether it would have naturally and reasonably influenced the judgment of the insurer, but no sound principle of law would permit a determination of this question merely upon the say so of the company after the death has occurred. The matter misrepresented must be of that character which the court can say would reasonably affect the insurer's judgment.

While plaintiff sincerely contends the theft of his automobile bears no risk relation to his driving history, an underwriter with the defendant stated, without contradiction, that defendant only wrote policies of this nature [2] where the applicant had no more than one accident and one traffic violation within a prior 3–year period. He emphasized, had plaintiff fully disclosed his history of accidents and violations, the policy would not have been issued. Accordingly, the record establishes the matters misrepresented "would reasonably affect the insurer's judgment" to issue the policy.

Accordingly, we affirm the judgment of the trial court and remand at appellant's cost.

SANDERS P.J. (E.S.), and WILLIAM H. INMAN, Special Judge, concur.

---

2. The witness represented this criteria is on file with the State of Tennessee in connection with defendant's application for approval of premium rates.