**Ray Donald LOYD, Plaintiff/Appellee,**

v.

**FARMERS MUTUAL FIRE INSURANCE COMPANY, Defendant/Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 26, 1992.

No application for permission to Appeal to the Supreme Court was filed.

Publication has been authorized by the Court of Appeals under Rule 11 of that Court.

Ken Burger, Wm. Kennerly Burger, P.C., Murfreesboro, for plaintiff/appellee.

William C. Rieder, Haynes, Hull & Rieder, P.A., Tullahoma, for defendant/appellant.

OPINION

TODD, Presiding Judge.

The Trial Court and this Court granted permission for appeal by the defendant from an order of the Trial Court overruling defendant's motion for summary judgment.

This is a suit against an insurer for a fire loss. It is admitted that the policy was in force at the time of the loss. The defense is that the plaintiff made a material misrepresentation in the application for insurance. It is uncontroverted that the application, signed by plaintiff on July 9, 1989, contained the following information:

6. Losses which have occurred during last 7 years to applicant (sic) residence or personal possessions: (If no losses, state none below.)

| Date of Loss Occurred | Kind of Loss | Amount of Loss |
|---|---|---|
| _____ | _____ | $ |
| | -none- | |
| _____ | _____ | $ |

Immediately above the signature on the application was the following language:

I (we) declare that the answers to the questions listed are true and hereby request the Company in reliance thereon to issue the policy of insurance applied for herein in any renewal thereof.

Plaintiff's "examination under oath" contains the following:

Q. How long did you live there?

A. I lived over there for approximately seven, eight years. I had a double-wide trailer over there.

Q. Did you own that trailer?

A. Yeah.

Q. Did you sell that trailer?

A. Nope, it burned.

Q. Was that your primary residence when it burned?

A. Yes, sir.

Q. About how long ago was that?

A. That happened in '82.

Q. What month?

A. December 4, 1982.

. . . .

Q. Was it insured at the time that it burned?

A. Yes, sir, it was.

. . . .

Q. Did you receive any payment as a result of that fire?

A. Well, they paid the trailer off, and they paid me for my contents.

Plaintiff's affidavit states:

1. Attached to this Affidavit is the proof of loss sworn statement given by me to the representatives of Farmers Mutual Fire Insurance Company on July 17, 1990. I affirm, to the best of my knowledge, information and belief, the correctness of that information, with the exception of the statement where I indicated that *I* had sustained a loss in 1982. As you can see from the context of the question and answer, I was not directly asked that question by the insurance company, but simply volunteered it in describing my previous addresses. I frankly did not remember the exact date of a mobile home fire which my family experienced several years ago, but thought it was in December of 1982. Since receiving the Defendant's Summary Judgment Motion, my attorney and I have undertaken efforts to determine exactly what the exact facts of that fire involved, and its exact date. Being unable to locate any records in the Office of the Register of Deeds which indicated pay-off of any mortgage of the mobile home in my name, or release of any real estate titled in my name, we thereafter contacted Andrea Loughry, through whose office some type of insurance claim was paid when that fire occurred. She was unable to locate any records, and could not state with any certainty whether the records still existed. Thereafter, since I remembered that we moved into the Murfreesboro Housing Authority after that fire, we checked with their office and determined that we moved into 1003 Jetton Drive on December 13, 1982. Their application contained information that indicated that we had lost our home to a fire on December 4, 1982. Based on that old application, I believe that that date is correct.

2. However, I believe that the information contained on page 17 of my proof of loss statement incorrectly implies that I owned property which was lost in a fire at that time. Frankly, because of the several years that had passed, I do not recall all of the details of the situation. My family, due to my wife's illness and death, has been in turmoil since that time, and I do not know exactly what the ownership arrangement was on that property, including the mobile home.

Upon reflecting on this matter, it is my belief that this property was owned by a Mr. Spurlock, who is now deceased, and who has since sold the property after we were forced to move by the fire. I do not recall the exact details of our agreement with Mr. Spurlock, but I do know that we had planned to live there and eventually buy the property. That was never done.

3. We received no money from the destruction of the mobile home. We did receive some payment. (I am not sure of the exact amount) for some of our personal property that was contained in the mobile home. We were not paid in full for our furniture.

The affidavit of the president and general manager of defendant states:

1. ... I have been in the insurance business for over 15 years and am familiar with industry underwriting standards with regard to homeowners insurance policies in addition to being familiar with the underwriting standards for Farmers Mutual Fire Insurance Company of Tennessee.

2. This affidavit is made and based upon my own personal knowledge and experience.

3. Farmers Mutual Fire Insurance Company of Tennessee issued a certain homeowners insurance policy, policy number HO216380, to Ray D. Loyd insuring a dwelling located at Box 51B, Christiana, Rutherford County, Tennessee. Said policy was issued in reliance upon an application signed by Ray D. Loyd dated June 9, 1989.... Farmers Mutual Fire Insurance Company of Tennessee relied upon all answers and representations made in the application, including the applicant's representation that he had no losses to his residence or personal possessions within seven years of the date of the application.

4. Farmers Mutual Fire Insurance Company of Tennessee includes a question on its homeowners' applications inquiring as to whether the applicant has had a loss within the last seven (7) years to the applicant's residence or personal possessions. Such information is vital to the company in its effort to make a full and effective assessment of the insurability of an applicant and/or structure sought to be insured. Prior losses of an applicant are a predictor of future loss problems. The prior loss history of an applicant is vital information in determining whether to accept a risk and issue a policy. A history of prior loss or losses of an applicant materially increases the risk associated with insuring an individual.

5. When an applicant misrepresents his loss history by stating that he has had no loss to his residence or personal possessions within seven (7) years of the application, when, in fact, he has incurred such a loss, the company is denied information necessary to make honest evaluation of the insurability of the risk. Furthermore, the misrepresentation of the applicant's prior loss history directly influences the judgment of the company in issuing the policy.

Except for the plaintiff's explanation of his "sworn statement", the foregoing evidence is uncontroverted. Despite the explanation in plaintiff's affidavit, it is uncontroverted that, on December 4, 1982, the trailer or mobile home occupied by plaintiff was damaged or destroyed by fire, that some of plaintiff's personal property was lost in the fire; that plaintiff was compensated therefor by an insurer; and that plaintiff's response of "none" to the application inquiry as to previous losses was untrue.

Based upon the foregoing, the Trial Court overruled the defendant's motion for summary judgment, and this appeal ensued.

The only issue on appeal is whether the defendant's motion for summary judgment should be sustained.

T.C.A. § 56–7–103 reads as follows:

**Misrepresentation or warranty will not avoid policy—Exceptions.—**No written or oral misrepresentation or warranty therein made in the negotiations of a

contract or policy of insurance, or in the application therefor, by the assured or in his behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.

▪ When a false representation in the application is established, whether that representation increased the risk of loss is a question of law for the court. The fact misrepresented need not be with reference to a hazard which actually produced the loss in question. Any misrepresentation which naturally and reasonably influences the judgment of the insurer in making the contract is within the meaning of the statutory words, "increases the risk of loss". *Lane v. The Travelers Indemnity Company*, Tenn.App.1973, 499 S.W.2d 643, *Milligan v. M.F.A. Mutual Insurance Company*, Tenn.App.1973, 497 S.W.2d 736, and authorities cited therein.

▪ It is not necessary to find that the policy would not have been issued if the truth had been disclosed. It is sufficient that the insurer was denied information which it sought in good faith and which was deemed necessary to an honest appraisal of insurability. *Johnson v. State Farm Life Insurance Company*, Tenn. App.1981, 633 S.W.2d 484.

No published Tennessee authority is found on the subject of the materiality of a misrepresentation regarding a previous fire loss. However, in 45 C.J.S., Insurance § 534, p. 275 is found the following text:

> *Prior fire losses.* While, in the absence of inquiry, insured need not disclose that he had had previous fire losses for which he collected insurance, untrue statements as to prior losses by fire are material, and will preclude recovery....

In *Perry v. Continental Insurance Co.*, 178 Washington 24, 33 P.2d 661 (1934), the insured falsely stated in her application for insurance that she had never had a fire loss. The Washington Supreme Court reversed a judgment for the insured and dismissed the suit, stating:

> The admittedly untrue statement over the respondent's (insured's) signature was a representation that would influence the insurer's judgment in making the contract.

In 26 C.J., Fire Insurance, § 232 p. 191, is found the following:

> Untrue statements as to prior burning of property by fire are material and will preclude recovery.

Authorities are cited under this text from the Canadian provinces of Alberta and Nova Scotia.

▪ In the present case, if any doubt should exist as to the materiality of the misrepresentation, it is dispelled by the uncontradicted evidence that the information denied to the insurer was material to the consideration of the application and issuance of the insurance policy.

Plaintiff insists that an issue of fact exists as to whether plaintiff's prior loss was within the inquiry in the application as to "losses ... to ... residence or personal possessions". Plaintiff's "affidavit of correction", quoted above, states:

> We did receive some payment ... for some of our personal property that was contained in the mobile home. We were not paid in full for our furniture.

The adroit verbiage of the affidavit does not avoid the clear import of the affidavit that some personal property including some furniture was lost in the prior fire and paid for by an insurer.

▪ Whether defendant owned the mobile home or not, it was his residence because he lived there.

Plaintiff argues that the misstatement is not fatal because it omitted a minor and inconsequential loss. This insistence is not supported by the evidence, even if it should be tenable as a matter of law.

Plaintiff argues that, because the application was not made a part of the policy, its falsity cannot affect the rights of plaintiff, citing T.C.A. § 56–7–102 which reads as follows:

> **Policies to contain entire contract— Exceptions—Construed as Tennessee**

**contracts.**—Every policy of insurance, issued to or for the benefit of any citizen or resident of this state on or after July 1, 1907, by any insurance company or association doing business in this state, except fraternal beneficiary associations and mutual insurance companies or associations operating on the assessment plan, or policies of industrial insurance, shall contain the entire contract of insurance between the parties to the contract, and every such contract so issued shall be held as made in this state and construed solely according to the laws of this state.

In *Medley v. Cimmaron Ins. Co., Inc.,* Tenn.1974, 514 S.W.2d 426, the Trial Court rendered summary judgment for the insured, disregarding the defense of misrepresentation in the application because it was not made part of the policy. The Supreme Court reversed and said:

It is the opinion of this Court that the chancellor is in error in his conclusions. In the recent case of *Milligan v. MFA Mutual Insurance Co.,* 497 S.W.2d 736 (Tenn.App.W.S.1973) the Court of Appeals for the Western Section held that material misrepresentations made in an application for an automobile insurance policy could be relied upon by the insurance carrier. The court also held that as a matter of law a misstatement regarding the cancellation or refusal to write other insurance amounted to a material misrepresentation within the purview of T.C.A. § 56–1103. The court held that such a misrepresentation, relied upon by the insurance company, renders an automobile liability insurance policy subject to being voided from its inception.

We consider this holding of the Court of Appeals to be a correct statement of the applicable law. An application for a policy of automobile liability insurance need not be made a part of the policy, or attached to it, in order for the insurance company to deny coverage based upon misrepresentations contained in such application. Contrary to the insistence of the appellees, we do not construe T.C.A. § 56–1102, which requires that insurance policies contain the entire contract between the parties, to preclude the insurer from relying upon misrepresentations contained in an application. Of course T.C.A. § 56–1111(4) expressly requires an application to be endorsed upon or attached to certain kinds of life insurance policies, but this section is not applicable to automobile liability insurance.

514 S.W.2d, p. 428

The judgment of the Trial Court is reversed; the motion of defendant for summary judgment is sustained; the suit is dismissed; and all costs, including costs of this appeal, are taxed against the plaintiff. The cause is remanded to the Trial Court for collection of costs accrued in that Court.

Reversed, Dismissed, Remanded.

LEWIS and CANTRELL, JJ., concur.