**Gunson SINE, Plaintiff/Appellant,**

v.

**TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

April 16, 1993.

Permission to Appeal Denied by Supreme Court Sept. 7, 1993.

Gunson E. Sine, pro se.

Arthur E. McClellan, McClellan, Powers, Ehmling & Dix, P.C., Gallatin, for defendant/appellee.

## *OPINION*

CANTRELL, Judge.

This is an action on an insurance policy. The trial judge granted summary judgment to the insurance carrier because of a false answer in the application. We affirm.

### I.

On April 1, 1986, Gunson Sine signed an application for a farm owner's policy with the

Tennessee Farmers Mutual Insurance Company. The application showed that Arlie and Elizabeth Sine owned the property and that Gunson and his wife, Shannon, lived there; that the property was mortgaged for $30,000; and that the applicant had not had any previous policies cancelled or any prior insurance losses. The answers with respect to the title to the property, the amount of the mortgage, and Mr. Sine's prior insurance losses turned out to be false. Although Mr. Sine denies giving some of the answers, the proof is uncontradicted that he signed the application with the erroneous information in it. Tennessee Farmers issued a policy covering the house and its contents.

On July 10, 1987, fire destroyed the house. The company, upon investigating the loss, refused to pay the loss because of the misrepresentations in the application. The trial judge granted summary judgment to the insurance company, finding the representation that the property was mortgaged for $30,000, when in fact it was mortgaged for $43,250, was a misrepresentation that materially increased the risk of loss.

## II.

■ The policy issued by Tennessee Farmers contained a provision—probably a standard provision in insurance policies—rendering the policy void for the intentional concealment or misrepresentation of any material fact relating to the insurance. A material fact is defined in Tenn.Code Ann. § 56–7–103 as one that increases the risk of loss when relied upon by the company in issuing the policy.[1] A misrepresentation increases the risk of loss when it is of such importance that it "naturally and reasonably influences the judgment of the insuror in making the contract." *Seaton v. Nat. Grange Mut. Ins. Co.*, 732 S.W.2d 288, 288–89 (Tenn.App.1987).

■ When it appears that the insurance application contains a misrepresentation, it is a question of law for the court whether the

misrepresentation materially increases the risk of loss. *Broyles v. Ford Life Ins. Co.*, 594 S.W.2d 691, 693 (Tenn.1980).

■ The trial judge only ruled on the false statement in the application claiming the property was mortgaged for $30,000 when in fact the mortgage was greater than $43,000. He held that the statement was false and that "as a matter of law [it] materially increased the Defendant's risk of loss...." On the question of the title to the property and the prior theft losses, the court found these misrepresentations were false but that it was a jury question as to whether the misrepresentations increased the risk of loss.

As we have seen, the question of whether a misrepresentation increases the risk of loss is one for the court. Thus, having found the representations in the application were false, the trial judge should have ruled on whether they materially increased the risk of loss.

■ We think all three of the misrepresentations as a matter of law materially increased the risk of loss. A misrepresentation as to the title to the property has been held sufficient to defeat a recovery on an insurance policy. *Alfred v. Bankers' and Shippers' Ins. Co.*, 167 Tenn. 278, 280, 68 S.W.2d 941, 942 (1934); *Hughes v. Home Ins. Co.*, 8 Tenn.App. 292, 298 (1928); *Payne v. Eureka–Security Fire & Marine Ins. Co.*, 173 Tenn. 659, 662, 122 S.W.2d 431, 432 (1938). Although there is a split of authority in other jurisdictions about whether a misrepresentation concerning the size of a mortgage on the property insured will defeat the policy, *see* 44 Am.Jur.2d *Insurance* § 1132 (1982), we think a misrepresentation of this magnitude—approximately fifty percent more than represented in the application—is sufficient to materially increase the risk to the insurer.

We think that the misrepresentation about prior theft losses by the insured is also material to the risk.

1. **56–7–103. Misrepresentation or warranty will not avoid policy—Exceptions.**—No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor, by the assured or in his behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Houston County for any further proceedings necessary. Tax the costs on appeal to the appellant.

LEWIS and KOCH, JJ., concur.