TENNESSEE FARMERS MUTUAL )
INSURANCE COMPANY, )
 )
    Plaintiff/Appellee, )
 )    Appeal No.
 )    01-A-01-9505-CV-00190
VS. )
 )    Lawrence Circuit
 )    No. C 13595
BILLY WAGNER, and wife, )
MONA G. WAGNER, )
 )
    Defendant/Appellant. )

FILED

Dec. 1, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CIRCUIT COURT OF LAWRENCE COUNTY
AT LAWRENCEBURG, TENNESSEE

THE HONORABLE WILLIAM B. CAIN, JUDGE



PAUL B. PLANT
HARWELL, PLANT & CHEATWOOD
225 MAHR AVENUE
P. O. Box 399
Lawrenceburg, Tennessee  38464
    Attorney for Plaintiff/Appellee

CHARLES W. HOLT, JR.
BOSTON, BATES & HOLT
235 Waterloo Street
P. O. Box 357
Lawrenceburg, Tennessee  38464
    Attorney for Defendant/Appellant




AFFIRMED AND REMANDED




BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J.
LEWIS, J.

# O P I N I O N

The issues in this appeal are (1) whether the misrepresentations in an application for insurance made the policy void as to the applicant and (2) whether the insurance was void as to the appellant's wife, who did not sign the application. The Circuit Court of Lawrence County granted summary judgment to the insurance company. We affirm.

## I.

In December of 1988 Billy Wagner applied for insurance in his and his wife's joint names to cover a dwelling they owned in Lawrence County. Although Mrs. Wagner was present, she did not answer any of the questions on the application and did not sign it. In response to a question on the form asking if the applicant had ever had any fire, theft, or liability loss, Mr. Wagner answered "no". In fact, Mr. Wagner had had several fire and theft losses, some as recent as 1985. Most of the losses were covered by insurance.

After the dwelling was damaged by fire in June of 1992, the insurance company refused to pay the claim and brought this action for a declaratory judgment. The trial court held that there were no genuine issues of fact and that the insurance company had no liability to Mr. and Mrs. Wagner.

## II.

It is well established in this state that material misrepresentations in an application for insurance will void the policy. *Loyd v. Farmers Mutual*, 838 S.W.2d 542 (Tenn. App. 1992); *Milligan v. MFA Mutual Insurance Co.*, 497 S.W.2d 736 (Tenn.

App. 1973). The legislature, however, has provided that insurance companies may void a policy only if the misrepresentation is made with the actual intent to deceive, or if it increases the risk of loss. Tenn. Code Ann. § 56-7-103.

Whether a misrepresentation increases the risk of loss is a question of law, *Billington v. Crowder*, 553 S.W.2d 590 (Tenn. App. 1977), and we have held that a misrepresentation that influences the judgment of the insurer in making the contract increases the risk of loss within the meaning of the statute. *Seaton v. National Grange Mutual Insurance Co.*, 732 S.W.2d 288 (Tenn. App. 1987); *Sloop v. Mutual of Omaha Ins. Co.*, 55 Tenn. App. 656, 404 S.W.2d 265 (1966). The uncontradicted proof filed in support of the motion for summary judgment in this case supports a conclusion that the insurer relied on the information in the application, and that the information influenced the insurer's judgment in deciding to issue the policy.

### III.

#### a. Mr. Wagner

There can be no doubt that the trial judge properly granted summary judgment to the insurance company on Mr. Wagner's claim.

#### b. Mrs. Wagner

Since Mrs. Wagner did not answer the questions on the application (she was not even asked) and did not sign it, she argues that the misrepresentations do not bar her right to recover under the policy. In her affidavit she says that she and Mr. Wagner married in 1986 and that she was not aware of Mr. Wagner's prior loss history.

- 3 -

We think, however, that the misrepresentations in the application defeat Mrs. Wagner's rights under the policy as well. In 43 Am. Jur. 2d *Insurance* § 1038 the text writer states a general proposition that "In the absence of a contract or statutory provision to the contrary, an insured is bound by representations contained in an application signed by his own duly authorized agent." While this rule of law is most often applied to situations where the agent misrepresents facts in reference to the principal, we think it also applies to the agent's statements about himself where the principal and agent jointly own the insured property and the agent signs the application securing coverage for both.

There can be no doubt that Mr. Wagner was acting as the agent for Mrs. Wagner. The application was in their joint names, but Mr. Wagner alone signed it. The policy issued in their joint names was, therefore, obtained through the agency of the husband. Either Mr. Wagner was acting as Mrs. Wagner's agent or the policy should have been issued to Mr. Wagner alone.

If Mr. Wagner was not acting as Mrs. Wagner's agent, there is a related doctrine that would effectively defeat her right to recover. In *Woodmen of the World Life Insurance v. Kinnaird*, 874 S.W.2d 47 (Tenn. App. 1993), this court held that the fraud of a beneficiary to a life insurance policy would allow the insurer to avoid payment under the policy (and defeat the claims of the insured's heirs) even though the insured herself had no part in the fraud. This court quoted at length from *Columbian Mutual Life Insurance Company v. Martin*, 175 Tenn. 517, 136 S.W.2d 52 (1940), which established that innocent persons could not avail themselves of an advantage gained by the fraud of another unless the innocent person had given value or had materially changed his or her position in reliance on the transaction. (For the rule applied to contracts generally see *Restatement of the Law of Contracts* § 477). In this case there is no evidence that Mrs. Wagner gave any consideration separate

and apart from that given jointly with Mr. Wagner.  Therefore, she could not claim a status superior to his.

- 5 -

The judgment of the trial court is affirmed and the cause is remanded to the Circuit Court of Lawrence County for any further proceedings necessary.  Tax the costs on appeal to the appellants.

_____
BEN H. CANTRELL, JUDGE


CONCUR:



_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION



_____
SAMUEL L. LEWIS, JUDGE