# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 7, 2001 Session

## TENNESSEE FARMERS MUTUAL INSURANCE CO. v. ROBERT WESTMORELAND, ET AL.

**Appeal from the Chancery Court for Rhea County**
**No. 9317     Jeffrey F. Stewart, Chancellor**

**FILED MAY 30, 2001**

**No. E2000-02693-COA-R3-CV**

Tennessee Farmers Mutual Insurance Company ("Plaintiff") filed a declaratory judgment action claiming that the homeowner's insurance policy issued to Robert and Elizabeth Westmoreland ("Defendants") was void due to material misrepresentations made on the application for insurance by Mr. Westmoreland. Defendants claim they provided the correct information, but it was incorrectly recorded by the insurance agent. The Trial Court granted Plaintiff's motion for summary judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Chancery Court Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

J. Arnold Fitzgerald, Dayton, Tennessee, for the Appellants Robert Westmoreland and Elizabeth Westmoreland.

David R. Swafford, Pikeville, Tennessee, for the Appellee Tennessee Farmers Mutual Insurance Company.

# OPINION

## Background

This lawsuit arises out of a fire which occurred at Defendants' home. Plaintiff filed suit seeking to void the homeowner's insurance policy because of material misrepresentations in the answers to three of the questions contained in the insurance application dated June 25, 1999. Defendants denied any material misrepresentations had been made, and filed a counter-claim seeking the proceeds from the insurance policy.[1]

Defendants obtained a homeowner's insurance policy from Plaintiff on their home approximately six months prior to the fire. The three questions at issue involved whether Mr. Westmoreland had suffered a fire loss in the past, whether he had ever been convicted of a felony, and whether a business was being operated out of his home. The answers on the application stated that Mr. Westmoreland had no previous fire loss, that he had no felony conviction, and that he was not operating a business out of his home. After the fire occurred, Mr. Westmoreland stated under oath that he had a home in Mississippi which had been completely destroyed by fire and this loss was paid through Farm Bureau in Mississippi. He also had a fire claim on a Jeep.[2] Mr. Westmoreland had two prior felony convictions, although he apparently received a pardon on one of these convictions. These fire losses and felony convictions were prior to the date the application was completed. Mr. Westmoreland also was operating a used car business out of his home when the application was completed. In fact, he sold 44 used cars in just one month during 1999.

The insurance application provides: "I declare the foregoing statements provided by me are true, correct, and complete for all proposed insureds. I understand that any misrepresentations will void this insurance." The application was signed by Mr. Westmoreland.

The disputed facts center around who was responsible for the incorrect answers on the application. In support of its motion for summary judgment, Plaintiff filed the affidavit of Justin Wilson ("Wilson"), Plaintiff's sales agent who assisted Defendants in obtaining the homeowner's insurance policy. Wilson stated that he met with Mr. Westmoreland in person at his (Wilson's) office where he asked Mr. Westmoreland each question contained on the one page application and recorded his responses. After the application was completed, it was given to Mr. Westmoreland which he signed. Wilson stated that Mr. Westmoreland never told him about the previous fire losses, the prior felony convictions, or the fact that he was operating a used car business out of his home. Wilson swore that had these questions been answered accurately by Mr. Westmoreland, the insurance policy would not have been issued.

---

[1] Any claim by the loss payee on the insurance policy, Rhea County National Bank, was settled prior to this litigation and is not at issue here.

[2] Mr. Westmoreland also testified that he had a fire loss on a storage building sometime around September of 1999, but this would have occurred after he completed the application for insurance in the present case.

Plaintiff also filed the affidavit of Vickie Knight ("Knight"), Plaintiff's Vice-President of Property Underwriting. Knight stated that:

> If Mr. Westmoreland's application had indicated an affirmative response to any one or any combination of the three questions … the application would have been declined. Tennessee Farmers Mutual Insurance Company was deprived of the opportunity to fairly assess the risk presented since the fire loss history, the felony convictions, and the presence of a used car business on the premises were not revealed.

In response to the summary judgment motion, Mr. Westmoreland filed his own affidavit. Mr. Westmoreland claimed that he did explain the previous prior fire losses to Wilson, but Wilson did not read back to him the answers Wilson actually was writing down on the application. He further claimed that he answered all questions truthfully and he remembered signing the application. Mr. Westmoreland stated under oath that he did not read the application after it was filled out by Wilson. The crux of Mr. Westmoreland's testimony is that Wilson incorrectly wrote down his responses, and Mr. Westmoreland didn't read the completed application before signing it.

The Trial Court granted Plaintiff's summary judgment motion. In its order, the Trial Court indicated that after considering the affidavits, sworn testimony of Mr. Westmoreland, Plaintiff's summary judgment motion and Defendant's response, and assuming Mr. Westmoreland's statements in his affidavit to be true, it was required to follow this Court's holding in *Giles v. Allstate Insurance Company*, 871 S.W.2d 154 (Tenn. Ct. App. 1993) and grant Plaintiff's summary judgment motion. Defendants appeal.

## Discussion

The standard for review of a motion for summary judgment is set forth in *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled

-3-

to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples*, 15 S.W.3d at 88-89. A fact is "material" for summary judgment purposes, if it "must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999)(quoting *Byrd v. Hall*, 847 S.W.2d at 211).

In *State Farm General Insurance Co. v. Wood*, 1 S.W.3d 658 (Tenn. Ct. App. 1999), this Court concluded that the insured's failure to disclose a recent fire loss in her application for insurance rendered the policy void. In *Wood*, this Court explained the applicable Tennessee law as follows:

T.C.A. § 56-7-103 provides that

> [n]o written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor, by the insured or in the insured's behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation or warranty is made with actual intent to deceive, *or* unless the matter represented increases the risk of loss.

> (Emphasis added.) It is clear that the language of the statute is disjunctive, *i.e.*, the insurer may show either 1) that the misrepresentation was made with the intent to deceive, *or* 2) that the matter represented increased the risk of loss. *Id.*; *see Clingan v. Vulcan Life Ins. Co.*, 694 S.W.2d 327, 331 (Tenn. App. 1985). In this case, it is not disputed that the representation in the application regarding prior losses was false; thus, the question for the court was whether, as a matter of law, the misrepresentation increased State Farm's risk of loss.

*Wood*, 1 S.W.3d at 661. *Wood* went on to explain that a misrepresentation increases the risk of loss when "it is of such importance that it 'naturally and reasonably influences the judgment of the insuror in making the contract.'" *Id.* at 661, 662 (citing *Sine v. Tennessee Farmers Mut. Ins. Co.*, 861 S.W.2d 838, 839 (Tenn. Ct. App. 1993); *Seaton v. National Grange Mut. Ins. Co.*, 732 S.W.2d 288, 288-89 (Tenn. Ct. App. 1987); *Loyd v. Farmers Mut. Fire Ins. Co.*, 838 S.W.2d 542, 545 (Tenn. Ct. App. 1992)). Moreover, *Wood* held that:

> [i]t is not necessary to find that the policy would not have been issued if the truth had been disclosed. It is sufficient that the insurer was denied information which it sought in good faith and which was deemed necessary to an honest appraisal of insurability.

*Wood*, 1 S.W.3d at 662 (quoting *Loyd v. Farmers Mut. Fire Ins. Co.*, 838 S.W.2d 542, 545 (Tenn. Ct. App. 1992)). Untrue statements as to a prior fire loss are material on an application for fire insurance coverage and will preclude recovery. *Id.; Loyd*, 838 S.W.2d at 545 (quoting 45 C.J.S. *Insurance*, § 534).

In the present case, we conclude that the incorrect responses on the application for insurance increased Plaintiff's risk of loss. This has been established by the affidavits of Wilson and Knight, and Defendants have offered no proof to the contrary.

We now turn to Defendants' argument surrounding the reason for the incorrect responses. Defendants assert that Mr. Westmoreland gave accurate responses, but the answers were incorrectly recorded by Wilson. Thereafter, Mr. Westmoreland signed the application without reading it and verifying the accuracy of the responses. In reviewing the grant of summary judgment, we will assume, as we must, that Defendants' factual allegations are true.

We agree with the Trial Court that resolution of this issue is controlled by *Giles v. Allstate Insurance Co.*, 871 S.W.2d 154 (Ten. Ct. App. 1993). In *Giles*, the insured brought suit seeking to recover under her homeowner's insurance policy for items that were stolen. Allstate claimed that the policy was void due to misrepresentations made by Giles on the application. Specifically, Giles did not reveal a previous fire loss on the home. As in the present case, the insured and the insurance agent in *Giles* blamed each other for the inaccurate response on the insurance application. Likewise, the insured did not read but did sign the completed application. In affirming the trial court's verdict for Allstate, this Court stated that if, without being the victim of fraud, a party

> fails to read the contract or otherwise to learn its contents, he signs the same at his peril and is estopped to deny his obligation, will be conclusively presumed to know the contents of the contract, and must suffer the consequences of his own negligence. *Beasley v. Metropolitan Life Ins. Co.*, 190 Tenn. 227, 229 S.W.2d 146 (1950) at 148. *Also see DeFord v. National Life & Accident Ins. Co.*, 182 Tenn. 255, 185 S.W.2d 617, 621 (Tenn. 1945); *Hardin v. Combined Insurance Company*, 528 S.W.2d 31 (Tenn. App. 1975); *Montgomery v. Reserve Life Ins.*, 585 S.W.2d 620 (Tenn. App. 1979).

*Giles v. Allstate Insurance Co.*, 871 S.W.2d 154, 156 (Tenn. Ct. App. 1993). This Court in *Giles* further noted that to allow a party to admit he signed a contract, but deny it expresses the agreement he made, or to allow him to admit he signed it but did not read it or know its stipulations "would absolutely destroy the value of all contracts." *Giles*, 871 S.W.2d at 157 (citations omitted). There is no proof in the record that Mr. Westmoreland failed to read the application or learn its contents because of fraud by Wilson. Thus, we must presume Mr. Westmoreland knew the contents of the application, including the inaccurate responses to the three questions at issue, and Defendants must suffer the consequences of same.

Viewing the evidence in the light most favorable to Defendants and drawing all reasonable inferences in their favor, we conclude there is no genuine issue as to any material fact and summary judgment was properly granted to Plaintiff as a matter of law.

## **Conclusion**

The judgment of the Trial Court is affirmed. This case is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion. Costs of appeal are taxed to the Appellants Robert and Elizabeth Westmoreland and their surety.

_____
D. MICHAEL SWINEY