IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 1, 2002 Session


**ESTELLA AKINS v. DWAINE PETERS, ET AL.**

**Appeal from the Circuit Court for Monroe County**
**No. V99023P     Lawrence Puckett, Judge**

**FILED APRIL 10, 2002**

**No. E2001-02739-COA-R3-CV**

_____

Estella Akins ("Plaintiff") sued Dwaine Peters and Carolyn Peters ("Defendants") for the wrongful death of her husband, Leon Akins ("Decedent"). At the time of his death, Decedent was feeding hay to Defendants' cattle using Defendants' tractor. One of the tractor's rear tires rolled onto the Decedent, killing him. The Trial Court granted Defendants' motion for directed verdict at the close of Plaintiff's proof. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Jimmy W. Bilbo, Cleveland, Tennessee, for the Appellant, Estella Akins.

Clifford E. Wilson, Madisonville, Tennessee, for the Appellees, Dwaine Peters and Carolyn Peters.


**OPINION**

**Background**

Plaintiff filed suit seeking damages for the wrongful death of her husband, Leon Akins. In the Complaint, Plaintiff named Dwaine Peters and Carolyn Peters, owners of a dairy farm in Monroe County, as defendants. Decedent's death occurred in October 1997, on Defendants' farm.

The trial was held in February 2001. The record before us shows that at the time of Decedent's death, Decedent was assisting his father-in-law, Harold Bowers ("Bowers"), Defendants' employee, by putting out hay for Defendants' cattle. Bowers testified that Decedent offered to feed the cattle in the field while Bowers mixed the feed. Bowers also testified that Decedent, acting alone, took Defendants' tractor to the field so that he could feed hay to the cattle. Decedent was discovered dead shortly thereafter. Bowers found Decedent on the ground with the tractor's left rear wheel sitting on Decedent's stomach. Bowers found the tractor with its engine running, in neutral gear, and with a round bale of hay elevated on the tractor's front spear. Bowers testified he could not recall whether the tractor's brakes were engaged. One of Defendants, Dwaine Peters, testified there was a 1.5 foot slope at the point of the accident and the tractor had stopped at the lowest point on this slope near a fence gate.

Plaintiff alleged, in her complaint, that Decedent's death was caused by Defendants' negligent failure to inspect the tractor's brakes, failure to repair the tractor's brakes, and failure to warn Decedent of the defective brakes. Defendants admitted, in their Answer, that the tractor's brakes were not operating as good as if new. In addition, in their answer to Plaintiff's request for admissions, Defendants admitted that the right brake was not operating as if it were new but denied that the tractor could not be operated safely. Bowers testified that the tractor's brakes did not operate properly and that the tractor's operator had to allow for extra stopping time because of the right brake. Bowers also testified he told Decedent that the brakes "weren't too good" before Decedent left to feed the cattle. Dwaine Peters, however, testified that after the accident, the tractor was used for a period of approximately 30 days before its brakes were adjusted.

The record shows Bowers testified that, to ensure that the parked tractor would not move, the operator could either engage the parking brake or lock both the left and right brakes. Bowers testified that if the brake had been "locked in good" by Decedent while the tractor was on the little rise above the gate, the tractor would not have rolled downhill to the gate.

At the close of Plaintiff's proof at trial, Defendants moved for a directed verdict pursuant to Tenn. R. Civ. P. 50 ("Motion for Directed Verdict"). Defendants argued the proof overcame the presumption that Decedent was exercising due care for his safety at the time of the accident and that there was no proof Defendants were negligent. The Trial Court granted the Rule 50 motion. In its Judgment, the Trial Court stated, in pertinent part, as follows:

> [T]he Court granted the motion made by the Defendants for a directed verdict in favor of the Defendants. The Court finding [sic] that viewing the evidence in a light most favorable to the Plaintiff, the Plaintiff had failed to establish by the introduction of a requisite amount of competent evidence that the Defendants had breached any duty to the Plaintiff's decedent which could have been a proximate cause of the death of the [Decedent] and that under the Comparative Fault Doctrine there was insufficient evidence of fault on the part of the Defendants to submit the matter to the jury as a cause or

contribution to the death of [the Decedent]. . . .

Thereafter, Plaintiff filed a Tenn. R. Civ. P. 59 Motion for New Trial which was denied by the Trial Court. Plaintiff appeals.

## Discussion

On appeal and although not exactly stated as such, Plaintiff contends the Trial Court erred in granting the Motion for Directed Verdict because, according to Plaintiff, the Trial Court failed to apply properly the presumption that Decedent was exercising due care at the time of his fatal accident. Defendants, of course, do not dispute the Trial Court's grant of their Motion for Directed Verdict and raise no issues on appeal.

Our standard of review of the Trial Court's decision on the Motion for Directed Verdict is well-settled. A directed verdict is appropriate only when the evidence is susceptible to but one conclusion. *Eaton v. McLain,* 891 S.W.2d 587, 590 (Tenn. 1994); *Long v. Mattingly,* 797 S.W.2d 889, 892 (Tenn. Ct. App. 1990). This Court must "take the strongest legitimate view of the evidence favoring the opponent of the motion." *Id.* "In addition, all reasonable inferences in favor of the opponent of the motion must be allowed, and all evidence contrary to the opponent's position must be disregarded." *State Farm Gen. Ins. Co. v. Wood,* 1 S.W.3d 658, 663 (Tenn. Ct. App. 1999). Applying these standards, we must take the strongest legitimate view of the evidence favoring Plaintiff and disregard all evidence contrary to Plaintiff's position.

Plaintiff's claim against Defendants is based upon negligence. To establish a claim for negligence, a plaintiff must prove the following elements:

(1) a duty of care owed by the defendant to the plaintiff;
(2) conduct by the defendant falling below the standard of care
amounting to a breach of that duty;
(3) an injury or loss;
(4) causation in fact; and
(5) proximate or legal cause. . . .

*Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998), *overruled on other grounds by Cross v. City of Memphis*, 20 S.W.3d 642, 644 (Tenn. 2000).

Plaintiff argues the Trial Court erred in granting Defendants' Motion for Directed Verdict because the Trial Court failed to apply properly the presumption that Decedent was exercising due care at the time of his fatal accident. Plaintiff argues the presumption was not overcome by positive proof to the contrary and that the Trial Court placed an unreasonable burden upon Plaintiff to prove that Decedent had engaged the tractor's brakes.

Plaintiff is correct that, in wrongful death cases, Tennessee courts apply a

presumption that the decedent was exercising due care for his safety at the time of the fatal accident at issue. *Gwinn v. State*, No. 01-A-01-9306-BC-00261, 1994 Tenn. App. LEXIS 304, at * 6 (Tenn. Ct. App. June 3, 1994), *appl. perm. app. denied 10/31/94*; *Nichols v. Smith*, 111 S.W.2d 911, 918 (Tenn. Ct. App. 1937). This presumption "has application only in the absence of evidence, either direct or circumstantial, showing how the injury was received. . . ." *Keith v. Keith*, 741 S.W.2d 911, 913 (Tenn. Ct. App. 1987). This presumption, however, does not create an inference of the defendant's negligence, nor does it serve as evidence of the defendant's negligence. *See Masters v. Rishton*, 863 S.W.2d 702, 707 (Tenn. Ct. App. 1992) (applying this presumption of due care to a case involving loss of memory by the plaintiff).[1] Moreover, this presumption does not shift the burden of proof to the defendant or allow for speculation by the jury. *Id.*

We must determine whether the Trial Court misapplied the presumption when it granted Defendants' Motion for Directed Verdict. The Trial Court, in its Judgment, stated there was insufficient proof that Defendants breached a duty of care which proximately caused Decedent's death. Plaintiff's claim that Defendants were negligent is based upon her allegation that the tractor's brakes failed or malfunctioned, resulting in Decedent's accident and death.

Plaintiff argues that the application of the presumption results in a finding that the Decedent properly engaged the tractor's brakes. The presumption, however, addresses only the question of Decedent's due care. The application of the presumption cannot be used as a substitute for proof, or create an inference, that Defendants were negligent. *See Masters v. Rishton*, 863 S.W.2d at 707. Moreover, the record on appeal contains no proof that Decedent's death was caused by a failure of the tractor's brakes. Plaintiff bears the burden of establishing the requisite elements of negligence which include a duty and breach of that duty by Defendants and a causal relationship between Defendants' breach of duty and Decedent's death. *See Coln v. City of Savannah*, 966 S.W.2d at 39. The record shows that Plaintiff, at trial, did not establish the necessary elements of her negligence claim.

In addition, despite the presumption that Decedent was exercising due care, the record on appeal contains proof that neither one of the tractor's braking mechanisms was properly engaged by the Decedent. As discussed, Bowers testified that if Decedent had properly engaged either the parking brake or both the right and left brakes, the tractor should not have rolled. "The presumption of due care has application only in the absence of evidence, either direct or circumstantial, showing how the injury was received, and the presumption disappears when such evidence is produced." *See Keith v. Keith*, 741 S.W.2d at 913.

Plaintiff failed to carry her burden of establishing the requisite elements of Defendants' negligence. While the presumption may apply in this matter, it is a presumption only

---

[1] In *Masters v. Rishton*, 863 S.W.2d 702 (Tenn. Ct. App. 1992), this Court remanded the matter to the trial court, and the case was appealed again. On appeal after remand, in *Masters v. Rishton*, No.02A01-9207-CC-00210, 1993 Tenn. App. LEXIS 672, at * 6-7 (Tenn. Ct. App. Oct. 27, 1993), *no appl. perm. app. filed*, this Court adopted the language of *Masters v. Rishton*, 863 S.W.2d at 707, upon which we rely in this opinion.

that Decedent was exercising due care at the time of his fatal accident. The presumption does not establish that Defendants were negligent, and the record contains no proof that anything Defendants did or did not do caused Decedent's death. Furthermore, the presumption does not allow the jury to speculate on how this accident occurred. *Masters v. Rishton*, 863 S.W.2d at 707. Accordingly, even taking all reasonable inferences in favor of Plaintiff and disregarding all evidence contrary to Plaintiff's position, we hold the Trial Court did not err in granting Defendants' Motion for Directed Verdict. *See State Farm Gen. Ins. Co. v. Wood*, 1 S.W.3d at 663.

## **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, Estella Akins, and her surety.

_____
D. MICHAEL SWINEY, JUDGE