Robert MONTGOMERY,
Plaintiff-Appellant,

v.

RESERVE LIFE INSURANCE CO.,
Defendant-Appellee.

Court of Appeals of Tennessee,
Western Section.

Feb. 7, 1979.

Certiorari Denied by Supreme Court
Aug. 27, 1979.

Lewis K. Garrison, Memphis, for plaintiff-appellant.

Fred M. Ridolphi Jr. and Prince C. Chambliss, Jr., Memphis, Armstrong, Allen, Bradin, Goodman, McBride & Prewitt, Memphis, of counsel, for defendant-appellee.

MATHERNE, Judge.

His wife having been killed in an automobile accident, the plaintiff, named beneficiary in a life insurance policy issued by the defendant to his wife, sues to recover on the policy. The defendant insists that the application for the policy contains material misrepresentations as to the health of the insured which renders the policy voidable. By its counter-complaint the defendant sought recission of the policy and, therefore, paid into court the full amount of all premiums collected. The trial judge held that certain statements in the application for insurance were material misrepresentations as to the condition of the insured's health and that these misrepresentations increased the risk of loss. A judgment was, accordingly, entered dismissing the plaintiff's lawsuit, ordering a recission of the policy, and ordering payment to the plaintiff of all premiums paid on the policy. The plaintiff appeals to this Court under several assignments of error. We will not individually treat each assignment of error, but will consider the entire case on the law and facts.

The application form was completed and signed in the home of the plaintiff. Question 20 of that application reads: "Within the past five years, has any person proposed for insurance * * * (c) consulted or been examined by any physician or other practitioner?" Answer: "No." Question 19 reads "Has any person proposed for insurance ever had or sought advice or treatment for: * * * i. Epilepsy, mental or nervous ailment?" Answer: "No."

The facts establish that for several years prior to the signing of the application for life insurance the insured, wife of the plaintiff, had been under psychiatric care. The plaintiff testified that his wife, the insured, had suffered approximately seven nervous breakdowns and that "(s)he was under the care of about three or four different psychiatrists." The plaintiff testified that he advised the agent that his wife was under the care of a psychiatrist. The plaintiff stated that on the date the application was signed, his wife was under the treatment of a psy-

chiatrist and had been off from her work for about two months. The plaintiff's wife had been hospitalized numerous times for psychiatric treatment. The insured signed the application directly under language stating that she affirmed all statements therein contained. The plaintiff testified that neither he nor his wife, to his knowledge, read the application at the time it was completed and signed, nor did they read it when a copy of it was returned to them as an attachment to the policy.

An insured has the duty to read the application for insurance and to verify the accuracy of the information therein stated. *DeFord v. National Life & Accident Insurance Company* (1945) 182 Tenn. 255, 185 S.W.2d 617; *Beasley v. Metropolitan Life Insurance Company* (1950) 190 Tenn. 227, 229 S.W.2d 146. It has been held that where the agent deliberately omits from the application the insured's correct medical history and that omission increases the risk of loss, there can be no recovery on the policy where the insured, failing to read the application, affirms the accuracy of the statements therein contained. *Hardin v. Combined Insurance Company of America* (Tenn.App.1975) 528 S.W.2d 31.

No recovery will be allowed on a policy issued in reliance on a misrepresentation in the application which increased the risk of loss. T.C.A. § 56–1103; *Mutual Life Ins. Co. v. Dibrell* (1916) 137 Tenn. 528, 194 S.W. 581. We hold as a matter of law that the insured's history of extensive and repeated hospitalization for psychiatric treatment constituted such disability as would naturally affect the judgment of the defendant in issuing the policy and did increase the risk of loss. Compare *Sloop v. Mutual of Omaha Insurance Company* (1965) 55 Tenn.App. 656, 404 S.W.2d 265. It matters not what caused the death of the insured. If the misrepresentation increases the risk of loss, the policy is voidable from its inception. *Day v. Mutual of Omaha Insurance Company* (Tenn.App.1975) 534 S.W.2d 859.

All assignments of error are, accordingly, overruled and the judgment of the trial court is affirmed. The cost in this Court is adjudged against the appellant.

NEARN and SUMMERS, JJ., concur.