# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 17, 2000 Session

## LARRY J. RAY v. TENNESSEE FARMERS MUTUAL INSURANCE COMPANY

### Direct Appeal from the Circuit Court for Lauderdale County
### No. 4143    Joseph H. Walker, Judge

---

### No. W1999-00698-COA-R3-CV - Filed February 1, 2001

---

Appellant had a fire insurance policy with Appellee which covered Appellant's dwelling and the contents therein. After a fire completely destroyed Appellant's home and all of the contents therein, Appellee refused to pay Appellant for his losses. Appellee declared the policy to be void *ab initio* due to material misrepresentations contained in the application for insurance. Jury returned a verdict in favor of Appellant, finding that Appellant did not make the misrepresentations with the intent to deceive the Appellee. The trial court directed a verdict for Appellee, holding that the misrepresentations were material and increased the Appellee's risk of loss. We reverse the directed verdict and remand.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed in part; Affirmed in part; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

Thomas H. Strawn, Dyersburg, Tennessee for the appellant, Larry J. Ray.

Jere B. Albright, Humboldt, Tennessee for the Appellee, Tennessee Farmers Mutual Insurance Company.

### OPINION

Larry Ray (Mr. Ray) had an insurance policy with Tennessee Farmers Mutual Insurance Company (Tennessee Farmers), effective August 17, 1989, covering his residence and the contents therein from loss due to fire. The policy was in effect on January 17, 1991, when Mr. Ray's home was completely destroyed by fire. The policy provided insurance coverage in the amount of $35,000 on the dwelling and $20,500 on the contents therein. Despite Mr. Ray's complying with all of the provisions in the policy, including submitting a sworn proof of loss statement and making a demand for payment of loss under the policy, Tennessee Farmers refused to pay Mr. Ray for his losses.

Tennessee Farmers did, however, pay $25,000 to the loss-payee mortgagee, the Bank of Halls, under the policy. In July of 1991, Tennessee Farmers cancelled Mr. Ray's policy, declared it void, and refunded all premiums paid from August 1989 forward.

Tennessee Farmers contends that it refused to pay Mr. Ray for his losses because the policy is void **ab initio**. In support of its contention, Tennessee Farmers asserts that Mr. Ray made misrepresentations on his application for insurance by not disclosing a previous fire which, in turn, increased the insurance company's risk of loss. Mr. Ray alleges that when a Tennessee Farmers' insurance agent asked him whether he had ever had a fire before, he told the agent he had a fire in 1979 and that the agent then told him that any fire occurring over ten years ago did not matter, and the agent did not note the 1979 fire on the application.

Mr. Ray filed suit in circuit court for $49,999.99 in damages associated with the fire loss and for attorney's fees. Tennessee Farmers counterclaimed for $25,000 which was the amount it paid to the Bank of Halls under the policy. At the close of all proof, Tennessee Farmers moved the court for a directed verdict, and the trial court took the motion under advisement. The jury returned a verdict for Mr. Ray for $49,999.99, finding that he did not make a material misrepresentation on the application for insurance with the intent to deceive.

After the jury returned its verdict, the court considered the motion for directed verdict. The court opined that, although the issue of whether the answers Mr. Ray gave to the insurance agent's questions were false and given with the intent to deceive was a question for the jury, the issue of whether those false answers materially increased the risk of loss to the insurance company was a question for the court. The court found that the answers represented in the application increased the risk of loss to Tennessee Farmers, and it accordingly granted Tennessee Farmers' motion for directed verdict which, essentially, rendered the policy void for misrepresentation. Mr. Ray appeals, claiming error in the trial court's grant of a directed verdict. Additionally, on appeal, Tennessee Farmers raises the issue, as we perceive it, of whether the trial court erred in refusing to grant a judgment on its counterclaim against Mr. Ray for the $25,000 it paid to the loss payee-mortgagee under the insurance policy. For the reasons discussed below, we affirm the trial court's judgment as to Tennessee Farmer's counterclaim, but we reverse the trial court's judgment as to Mr. Ray.

Statutory language concerning a material misrepresentation in an insurance policy application can be found in section 56-7-103 of the Tennessee Code which provides,

> No written or oral misrepresentation . . . made in the negotiations of a . . . policy of insurance, or in the application therefor, by the insured or in the insured's behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation . . . is made with actual intent to deceive, or unless the matter represented increases the risk of loss.

Tenn. Code Ann. § 56-7-103 (2000). Risk of loss is increased if the representation relates to a matter of sufficient importance to naturally and reasonably influence the judgment of the insurer in issuing

the policy. ***See Howell v. Colonial Penn Ins. Co.***, 842 F.2d 821 (6th Cir. 1987); ***Renner v. Firemen's Ins. Co.***, 136 F. Supp. 114 (E.D. Tenn. 1955); ***Lane v. Travelers Indem. Co.***, 499 S.W.2d 643 (Tenn. Ct. App. 1973). Accordingly, then, in order to void an application for insurance, the representation made by the insured must be false in the sense that it was made with the intent to deceive and that it concealed matters which increased the risk of loss to the insurance company. ***See Volunteer State Life Ins. Co. v. Richardson***, 244 S.W. 44 (Tenn. 1922).

Mr. Ray submitted an application for fire insurance which contained the following question and answer: "Ever had any fire, theft, or liability loss? No." Regarding his answer, Mr. Ray testified as follows:

Q.: When the property was insured in August of 1989, did you sit down with Mr. Norman and fill out that application?

A.: I sat down with him, and he filled it out, and I signed it.

Q.: Did he ask you questions?

A.: Yes, sir, he did.

Q.: Did he ask you had you ever had a fire before?

A.: Yes, sir, he did.

Q.: And what was the result of that? What was said?

A.: I told him I had a fire in 1979, and he told me anything over ten years, it didn't matter, and he didn't put it down.

Q.: Well, did you tell him what kind of fire it was, or what happened?

A.: He wasn't interested in finding out nothing about it.

Mr. Norman, the insurance agent, denied that the above conversation took place. Based upon Mr. Ray's testimony, however, the jury in the instant case found that Mr. Ray did not intend to deceive the insurance company.

Where this court is asked to review a grant of a directed verdict on motion of a defendant, it is not our duty to weigh the evidence. Rather, we must take the strongest legitimate view of the evidence in favor of the plaintiff, indulging in all reasonable inferences in his favor, and disregarding any evidence to the contrary. The trial court's action may be sustained only where the evidence is uncontradicted and a reasonable mind could draw only one conclusion. ***See Alexander v. Armingtrout***, 24 S.W.3d 267, 271 (Tenn. 2000); ***Keller v. East Tennessee Prod. Credit Ass'n***, 501

S.W.2d 810 (Tenn. Ct. App. 1973).  Based upon this standard, this court must accept as true the testimony of Mr. Ray wherein he stated that he told the agent for Tennessee Farmers that he had a previous fire in 1979 and that the agent responded that any fire over ten years ago did not matter.

Generally, the knowledge of an agent is imputed to his principal.  *See Griffith Motors, Inc. v. Parker*, 633 S.W.2d 319, 322 (Tenn. Ct. App. 1982).  Additionally, when an agent acts within the scope of his apparent authority, although exceeding his actual authority, he binds his principal.  *See Industrial Life & Health Ins. Co. v. Trinkle*, 205 S.W.2d 414, 415 (Tenn. 1947).  Further, where the insurer, at the time of issuance of a policy, has knowledge of existing facts which, if insisted upon, would invalidate the policy from its inception, such knowledge constitutes a waiver of conditions in the policy inconsistent with the known facts and the insurer is estopped thereafter from asserting a breach of such conditions.  There are exceptions to the imputed knowledge rule.  The knowledge of the agent is not imputed to his principal when a third party, such as an applicant for insurance, is acquainted with circumstances indicating that the agent will not advise his principal of disclosed facts; where the third party colludes with the agent in acting adversely to the principal; where the third party uses the agent to further his own fraud upon the principal; where the agent's knowledge is such that the agent is certain to conceal the information from his principal; or where the agent's interest would be defeated by disclosure.  *See De Ford v. National Life & Accident Ins. Co.*, 185 S.W.2d 617, 620 (Tenn. 1945).  This court opined in *Bland v. Allstate Insurance Co.*, 944 S.W.2d 372, 376 (Tenn. Ct. App. 1996), that this exception does not apply in instances where the agent is acting as the sole representative of the principal, citing as authority *Griffith Motors, Inc. v. Parker*, 633 S.W.2d 319, 322 (Tenn. Ct. App. 1982) and *State v. Candler*, 728 S.W.2d 756, 759 (Tenn. Crim. App. 1986).  We believe the principal stated in *Griffith Motors* is misplaced here.  Regarding the imputed knowledge rule, the court in *Griffith Motors* stated,

> There is an exception to [the imputed knowledge] rule, however, where the agent is dealing with the principal in his own interests or where his interests are adverse to that of the principal so that it is to his own advantage not to impart his knowledge to the principal.  There is also a limitation to this exception, sometimes referred to as the "sole actor" or the "sole representative" doctrine.  This doctrine holds that the adverse interest exception does not apply when the transaction on behalf of the principal to which notice is sought to be imputed is entrusted solely to the officer or agent having the knowledge.

Griffith Motors, 633 S.W.2d at 322 (citations omitted).  The important language here is "entrusted solely."  We are of the opinion that the sole representative rule applies in situations where the agent conducts and approves the entire transaction, thus binding his principal.  For example, a bank's loan officer would be the sole representative of the bank in a transaction where the officer takes a loan application, investigates it, and approves it himself on behalf of the bank.  Such a transaction is typical in the banking industry, but is atypical in the insurance agency.  To have the sole representative rule apply in an insurance transaction, the agent would have to take the application for insurance, investigate it, and approve it himself on behalf of the insurance company without sending it to the home office for review.  Such a hypothetical situation is not what we had in the case

at hand.  Here, Mr. Ray met with Mr. Norman to fill out an application for insurance.  Mr. Norman asked Mr. Ray a series of questions and then filled out the application, which Mr. Ray signed.  Once completed, the application was submitted to Tennessee Farmers for approval.  Based upon these facts, it cannot be said that Mr. Norman was acting as the sole representative of Tennessee Farmers in this insurance transaction.  It would seem to follow then that in the instant action, the imputed knowledge rule would not apply.  However, when faced with facts similar to the facts at hand, this court, in *Stubblefield v. Mutual Benefit Health & Accident Ass'n*, 11 Tenn. App. 411 (1930), held that where an applicant relied on an agent's assurances of relevancy, the assurances were imputed to the insurance company, and the insurance company was estopped from voiding the contract.

In that case, Mr. Stubblefield applied for a policy of insurance against injuries from accident and disability from disease.  The agent for the insurance company asked Mr. Stubblefield whether he had received medical treatment or whether he had any local or constitutional disease within the last five years. *Id.* at 413.  Mr. Stubblefield told the agent that he had a spell with his liver two years prior and that he visited a doctor three or four times for this condition. *Id.*  The agent told Mr. Stubblefield that his bouts with his liver were irrelevant for purposes of the application because anyone was liable to such attacks. *Id.*  Mr. Stubblefield signed the application with full knowledge of the negative answer to the question, confident that a negative answer was acceptable based upon what the agent told him. *Id.*  Mr. Stubblefield sued to recover benefits under the policy after becoming ill with cancer.  The insurance company notified Mr. Stubblefield that it considered the policy void on the ground that Mr. Stubblefield knowingly made a false representation material to the risk in his written application for insurance.  As a result, it tendered to Mr. Stubblefield all of the premiums he had paid from the date of issuance of the policy. *Id.* at 412.  The trial court ruled in favor of Mr. Stubblefield, and the insurance company appealed.  On review of the case, this Court stated,

> The argument that no estoppel could arise in view of the knowledge of the applicant that the agent had written an untrue answer is not sustainable because the applicant accepted in good faith the agent's assurance that the question did not relate to such facts as the applicant had disclosed; and to allow the Association, under such circumstances, to avoid its contract, on account of the assurance which it, through its agent, gave to the applicant, would be to allow it to take advantage of its own wrong.  The applicant could thus rely on the agent's determination of the materiality of the question and answer and the necessity of disclosure called for by the question.

Stubblefield, 11 Tenn. App. at 415 (citing *Planters' Inc. Co. v. Sorrels*, 1 Baxt. 352; *Hale v. Sovereign Camp*, 226 S.W. 1045 (Tenn. 1921)); *see also Robbins v. New York Life Ins. Co.*, 72 S.W.2d 788, 792 (Tenn. Ct. App. 1934) (holding that knowledge and action on the part of the insurance agent was imputable to the insurance company and therefore the company was estopped from taking advantage of the misrepresentation).

In the case before this court, Mr. Ray told Mr. Norman that Mr. Ray had a fire in 1979, and Mr. Norman told Mr. Ray that a fire occurring over ten years ago was irrelevant to the application.

This knowledge must be imputed to Tennessee Farmers, and Tennessee Farmers is estopped from asserting that, had it known the true facts, it would not have issued the policy to Mr. Ray. Additionally, Tennessee Farmers cannot argue that the imputed knowledge rule does not apply here because Mr. Ray knew that the agent had written an untrue answer. Mr. Norman assured Mr. Ray that he need not disclose a fire occurring over ten years ago. Mr. Ray signed the application for insurance knowing that it contained a false answer; however, Mr. Ray relied on Mr. Norman's assurances concerning the necessity of disclosure, and he is justified in so doing.

There are numerous cases in Tennessee in which our courts have refused to enforce an insurance application based upon misrepresentations therein. For example, in the cases of ***Beasley v. Metropolitan Life Insurance Co.***, 229 S.W.2d 146 (Tenn. 1950); ***Giles v. Allstate Insurance Co.***, 871 S.W.2d 154 (Tenn. Ct. App. 1993); ***Montgomery v. Reserve Life Insurance Co.***, 585 S.W.2d 620 (Tenn. Ct. App. 1979); and ***Hardin v. Combined Insurance Company of America***, 528 S.W.2d 31 (Tenn. Ct. App. 1975), the applicant told the truth to the agent; the agent filled out the application with false answers; and the applicant signed the application without reading it. In ***Tegethoff v. Metropolitan Life Insurance Co.***, 424 S.W.2d 565 (Tenn. Ct. App. 1966) and ***National Life & Accident Insurance Co. v. Atwood***, 194 S.W.2d 350 (Tenn. Ct. App. 1946), the misrepresentation originated with the insurance agent, but the applicant failed to correct the information and failed to inform the insurance company after becoming aware of the error. Other cases dealt with situations where the applicant had reason to know that the agent was not disclosing full information to the insurance company, and thereby acquiesced in the fraud; where the applicant gave false answers to the agent; or where the applicant withheld information from the agent. ***See Broyles v. Ford Life Ins. Co.***, 594 S.W.2d 691 (Tenn. 1980); ***De Ford v. National Life & Accident Ins. Co.***, 185 S.W.2d 617 (Tenn. 1945); ***Milligan v. MFA Mut. Ins. Co.***, 497 S.W.2d 736 (Tenn. Ct. App. 1973). These cases are factually distinguishable from the case at hand. Here, Mr. Ray told the truth to the agent, and the agent filled out the application with false answers. Being assured by the Tennessee Farmers' agent that he did not need to disclose his previous fire loss, Mr. Ray signed the application. Because these cases are easily distinguishable from the case at hand, and because the facts of the instant case are analogous to those in ***Stubblefield***, we conclude that ***Stubblefield*** is controlling. As a result, the assurances Mr. Norman gave to Mr. Ray are imputed to Tennessee Farmers, and Tennessee Farmers is estopped from asserting that, had it known of the previous fire, it would not have issued the policy to Mr. Ray. Because we find that Mr. Ray's policy was not void, we find that the trial court did not err in not awarding Tennessee Farmers a judgment of $25,000 for the funds it paid to the Bank of Halls.

Based upon the foregoing facts and case law, we reverse the trial court's grant of a directed verdict for Tennessee Farmers. We find that the knowledge Mr. Norman had regarding Mr. Ray's 1979 fire was imputed to Tennessee Farmers and that Mr. Ray was justified in relying on the assurances given him concerning the necessity of disclosure called for by the question in his application. To direct a verdict in favor of Tennessee Farmers, finding that the misrepresentation contained in Mr. Ray's application for insurance increased Tennessee Farmers' risk of loss, allows Tennessee Farmers to take advantage of its own wrong. In view of his good faith, we hold that Mr. Ray should not be deprived of his benefits. Accordingly, we affirm the holding of the trial court as

it pertains to Tennessee Farmers. Additionally, as it pertains to Mr. Ray, we reverse and remand the holding of the trial court for reinstatement of the jury's verdict. The costs of this appeal are taxed to appellee, Tennessee Farmers Mutual Insurance Company, and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE