IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 13, 2005 Session

**LARRY AND BRENDA MORRIS, d/b/a EAST TENNESSEE MOTORS v.
INSURANCE AND INVESTMENT SOLUTIONS, INC.**

**Appeal from the Circuit Court for Bradley County**
**No. V-98-1011     Lawrence Howard Puckett, Judge**

_____

**No. E2004-02950-COA-R3-CV - FILED SEPTEMBER 28, 2005**

_____

The plaintiffs suffered damage to personal property at a location other than as described in a policy of insurance. They failed in their attempt to recover on the policy, and filed suit against the issuing agency, claiming that the agency knew or should have known that they desired coverage not only at their business address but also at their residence. The signed application listed only their service address, and the loss occurred at their residence. Summary judgment was entered for the defendant.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

M. Drew Robinson, Cleveland, Tennessee, for appellants, Larry and Brenda Morris d/b/a/ East Tennessee Motors.

Cynthia D. Hall, Chattanooga, Tennessee, for appellee, Insurance and Investment Solutions, Inc.

**OPINION**

The defendant is a general insurance agency engaged in the business of underwriting insurance.

The plaintiffs allege that "they had been paying premiums to the defendant with the understanding that they had insurance coverage in effect when in fact they have been notified that their insurance coverage was cancelled August 27, 1998," and that "the defendant engaged in actions which constituted fraud in the course of their dealings with the plaintiffs."

They allege that it was their understanding that they had secured insurance "which would cover the physical premises located in Ocoee, Tennessee," and that on May 7, 1998 they suffered

a loss to their property through hail damage, and as "a result of the misrepresentations of the defendant said loss has not been covered by Haulers Insurance Company, Inc."[1]

The defendant denied all allegations of fraud, and filed a motion for summary judgment, alleging that it was entitled to a dismissal of the action as a matter of law. ***Byrd v. Hall***, 847 S.W.2d 208 (Tenn. 1993). The motion was granted and the plaintiffs appeal, presenting for review the propriety of the dismissal of their complaint. Our review is *de novo* on the record with no presumption of the correctness of the judgment. ***Anderson v. Standard Register Co.***, 857 S.W.2d 555 (Tenn. 1993).

The relevant and material facts are not disputed. The plaintiffs were engaged in the used car business at a *business location on Highway 411*, in Ocoee. In their application the plaintiffs denied that they used butane or propane gas on the premises, denied the use of welding materials or conducted a salvage operation.[2] The application listed the place of business as being located on Highway 411 in Ocoee.

But the automobiles which were damaged by hail were *located at the plaintiffs' residence,* and admittedly were not covered by the Haulers' policy. Given this problem the plaintiffs say that an employee of the defendant, Rhonda Beck, assured them of coverage when they purchased the policy. They admit that they did not read the application, and did not discover the falsity of their responses to the questions involving flammable substances until after the loss occurred two months later.

The allegation of fraud centers upon the argument that Ms. Beck was not a licensed insurance agent contrary to the belief of the plaintiffs. Whether she was or not, however, is irrelevant. She was an employee of the defendant which would be bound by her actions if taken in the ordinary course of business of the employer. But our inquiry is not thus limited; the application signed by the plaintiffs, and the policy issued pursuant to the application, clearly provide for coverage at the named business address of the plaintiffs, Highway 411. The residence of the plaintiffs is not shown, and the policy provided no coverage for the vehicles located in the garage on their residence.

It is axiomatic that the plaintiffs are bound by the representations in the application and the provisions of the policy. ***Montgomery v. Reserve Life Ins. Co.,*** 585 S.W.2d 620 (Tenn. Ct. App. 1979). If we assume that the plaintiffs told Ms. Beck that they wanted coverage at *both locations*, and that Ms. Beck nevertheless listed only the 411 location, the plaintiffs are bound by their signed application and the subsequent issuance of the policy. ***Giles v. Allstate Ins. Co.***, 871 S.W.2d 154 (Tenn. Ct. App. 1993).

---

[1] A separate action was filed against Haulers Insurance Company to recover damages caused by the hailstorm to certain automobiles. This action was dismissed on motion for summary judgment. The dismissal was not appealed.

[2] These were misrepresentations which were the basis for the summary judgment in favor of Haulers Insurance Company. The invalidity of the Haulers policy is not an issue in this case.

The judgment is affirmed at the costs of the appellants.

_____
WILLIAM H. INMAN, SENIOR JUDGE