# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 25, 2015 Session

## WARREN BRUCE MAPLES v. TENNESSEE FARMERS MUTUAL INSURANCE CO., ET AL.

### Appeal from the Circuit Court for Cumberland County
### No. CCI2014CV5873    Amy V. Hollars, Judge

---

### No. E2015-00285-COA-R3-CV-FILED-OCTOBER 26, 2015

---

In this appeal, the plaintiff alleged, inter alia, breach of contract by the insurance carrier. Pursuant to settled law in this state, the plaintiff had one year plus sixty days to institute suit on the policy. This action was filed one year and 134 days after the fire loss. The trial court found the lawsuit was not timely filed. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

Martin Logue Ellis, Knoxville, Tennessee, for the appellant, Warren Bruce Maples.

Daniel H. Rader, III, and Walter S. Fitzpatrick, Cookeville, Tennessee, for the appellee, Tennessee Farmers Mutual Ins. Co., Gordon Atchley, and Cumberland County Farm Bureau.

## OPINION

## I. BACKGROUND

On March 25, 2013, a fire destroyed the home of Warren Bruce Maples at 161 Deathridge Road in Crossville, Tennessee. Since 1997, Maples had a homeowner's insurance policy with Tennessee Farmers Mutual Insurance Company ("TFMIC"). A day

after the fire, notice of loss and damage was given to TFMIC. A requested copy of the policy was received by Maples on May 17, 2013. It specifically provides as follows:

> Duty to Cooperate with Us
> Following any loss, occurrence, claim or suit, all insureds, all persons, and entities seeking coverage under this policy, and all designees, must:
>
> * * *
>
> 8. send to us within 60 days after loss, the list set forth in 7. above and a complete sworn proof of loss signed and sworn to by the person or entity seeking coverage which includes:
>
> a. the time and cause of loss;
>
> b. the interest of all persons or entities in the property involved;
>
> c. the actual cash value and replacement cost of the property and the amount of loss claimed;
>
> d. all encumbrances on the property;
>
> e. all other insurance which may cover the loss;
>
> f. changes in title, use, occupancy, or possession of the property during the policy period; and
>
> g. any plans, specifications, and appraisals of the damaged or stolen property[] . . . .

On June 14, 2013, Maples was placed under oath and questioned by TFMIC. Thereafter, coverage was denied on August 26, 2013. In pertinent part, the letter Maples received from TFMIC stated as follows:

> Forensic Investigations have been unable to identify any accidental cause for this fire. Your examination under oath reveals that you were the last one to leave this property after having been at your home alone for an extended period of time prior to discovery of the fire. Further, your actions following the discovery of this fire are inconsistent with the statements you have made to [TFMIC] and its representatives

and/or attorneys and are contradicted by the camera surveillance tapes the night of this occurrence. Specifically, the surveillance tapes reveal that you started your truck at 1:52 a.m. but did not notify the 911 call center regarding your fire until 2:19 a.m. In addition, you initially left your home and drove away from your sister's house, returned to your house and apparently went inside for a brief period of time, returned to your sister's home, repositioned your vehicle in the driveway, and ultimately and after some period of time finally went into your sister's home and notified 911. These actions are not consistent with that of an accidental fire and certainly do not fulfill your obligations under the policy to take all reasonable and necessary steps to protect the property at the time of loss.

In addition, you agreed to, but did not provide the following: a copy of your statement to the Cumberland County Sheriff's Department, the name of the builder who gave you an estimate on your home, and your medical records from Dr. Novak. Further, it was our understanding that you added your daughter, Amanda French, as a Joint Tenant with right of survivorship to your property which may or may not have materially increased the risk of loss to [TFMIC] without so advising [TFMIC].

In addition to the above, the Application which you submitted August 9, 1997, and signed by yourself, stated in response to Question Number Five that you had no prior convictions or guilty pleas for arson, fraud, or felonies. This apparently is an untrue statement as you have admitted at your examination under oath, and our record discloses, that you were convicted of two felonies while previously living in the State of Florida. [TFMIC] considers this an intentional misrepresentation that materially increased the risk of loss.

This full and complete investigation of your claim leads [TFMIC] to conclude that this fire was an intentional act designed to defraud [TFMIC]. In addition, it has led to the conclusion by [TFMIC] that certain acts and/or statements have been committed by you during the claims process which were fraudulent and that you failed to use all reasonable means to save and protect the property at the time of loss by

failing to promptly and immediately notify the Cumberland County Fire Department.

On August 6, 2014, Maples instituted suit against TFMIC, Gordon Atchley ("Agent"), and Cumberland County Farm Bureau ("Agency").[1] The causes of action raised by Maples included the following: statutory and common law bad faith, breach of contract, promissory estoppel, equitable estoppel, intentional and negligent misrepresentation, and waiver. Maples specifically asserted Agent was negligent because he was aware Maples had prior felony convictions but, despite this knowledge, made misrepresentations on the insurance application. Maples further argued Agent never advised him that adding his daughter as a joint tenant would impair his insurable interest. A copy of the insurance policy issued by TFMIC to Maples was attached to the complaint and the amended complaint. That policy provides:

> Legal Action Against Us
> Under SECTION I, no legal action may be brought against us until there has been full compliance with all terms of this policy. Any legal action against us must be brought within one year from the date of loss.

A little over a month later, TFMIC, Agent, and Agency filed a motion pursuant to Rules 12.02(6) and 12.03 of the Tennessee Rules of Civil Procedure to dismiss Maples's lawsuit. They based their motions on the statute of limitations and argued the claims against Agent and Agency were irrelevant and immaterial because the claim against the policy itself was barred by the statute of limitations.

In response, Maples asserted he had never been supplied a copy of his insurance policy until he requested one after the fire and what was sent to him was not a complete copy, but rather, only portions. He contended TFMIC should be estopped from relying on provisions of a policy of which Maples had no notice until *after* the fire loss, particularly in view of the fact he is illiterate.

After a hearing, on November 7, 2014, the trial court reviewed the matter as a summary judgment and dismissed the case with full prejudice. Maples filed a motion to alter or amend the judgment and, at oral argument, counsel conceded the court's ruling dismissing the case against TFMIC on the statute of limitations claim was correct. Counsel for Maples announced to the court: "But, Your Honor, I'm really not fussing with your earlier ruling about Tennessee Farmers. I think the time period there is done." Maples's attorney opined, however, that the actions against Agent and Agency survived.

---

[1] From the record, we discern Agent worked in the Bill Wheeler Agency when the policy initially was issued.

The trial court issued an order overruling the motion and reaffirming the case's dismissal. The trial court stated as follows:

> From a review of the policy, the [c]ourt finds that the plaintiff had one (1) year plus sixty (60) days to institute suit based upon the contractual statute of limitations contained in the policy of insurance. The [c]ourt finds that this suit was not filed within one (1) year plus sixty (60) days, and is accordingly, barred by the contractual statute of limitations. The [c]ourt further finds that the claims against Gordon Atchley, Agent, and Cumberland County Farm Bureau are also barred. The [c]ourt finds that the allegations in the complaint against Gordon Atchley, Agent, and Cumberland County Farm Bureau are . . . irrelevant and moot based upon the fact that suit was not filed within the one (1) year plus sixty (60) day statute of limitations.

The trial court did not address the allegations "regarding the procurement of the policy and whether or not there were meritorious defenses to the underlying claim itself under the policy."

## II. ISSUE

The issue presented on appeal is whether the trial court erred in granting summary judgment to Tennessee Farmers Mutual Insurance Company, Gordon Atchley, and Cumberland County Farm Bureau.

## III. STANDARD OF REVIEW

When considering whether a motion for summary judgment is appropriate, the moving party has the burden of showing "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. Summary judgment should be granted for the moving party "who does not bear the burden of proof at trial" if it is able to "(1) submit[] affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrate [] to the court the non-moving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101.

A trial court's decision to grant a motion for summary judgment presents a question of law. We therefore review a grant of summary judgment de novo with no presumption of correctness. See *City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 412 (Tenn. 1997). We must view all of the evidence in the light most favorable to the

nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

## IV.  DISCUSSION

Despite the fact there is a six-year statute of limitations in the State of Tennessee to sue for enforcement of a contract, the law is well settled in this state that contractual statutes of limitations are enforceable.  Since 1938, Tennessee state courts, as well as the federal courts applying Tennessee law, have held contractual statutes of limitations are valid, and a suit on an insurance contract must take place within one year plus sixty days from the date of the loss or be barred.  *Guthrie v. Conn. Indem. Ass'n*, 49 S.W. 829, 830 (Tenn. 1899); *Hill v. Home Ins. Co.*, 125 S.W.2d 89, 192 (Tenn. Ct. App. 1938); *Certain Underwriters at Lloyd's of London v. Transcarriers, Inc.*, 107 S.W.3d 496, 499 (Tenn. Ct. App. 2002); *Gagne v. State Farm Fire & Cas. Co.*, No. E2011-01117-COA-R3-CV, 2012 WL 691621 at *2 (Tenn. Ct. App. Mar. 5, 2012); *Meyers v. Farmers Aid Assoc. of Loudon Cnty., Tenn.*, No. E2013-02585-COA-R9-V, 2014 WL 6889643 at *3 (Tenn. Ct. App. Dec. 9, 2014).

In this case, the fire occurred March 25, 2013. This suit was filed August 6, 2014. One year and sixty days from March 25, 2013, is May 24, 2014.  Accordingly, this suit is time barred.

Maples maintains he can still raise the claim that Agent and Agency acted improperly in the procurement of the policy by making misrepresentations on Maples's application for insurance. Maples states Agent had reason to know of the felony convictions and failed to note it in the application.  He argues TFMIC voided the policy due to the misrepresentation of Agent.  He contends his tort claims cannot be held to the statute of limitations governing the policy.   According to TFMIC, the ancillary allegations against Agent and Agency lack relevance and are moot because Maples did not timely file suit.

If Maples had instituted the suit timely, he would have had the opportunity to raise his claims of policy irregularities. For the purposes of the dispositive motion, the existence of the policy would have been admitted.  The burden would have been on TFMIC to establish proof of its findings listed in the denial letter. When he failed to institute suit on the policy within the statute of limitations, however, the issues regarding the policy became moot and irrelevant.  Maples's claims against Agent and Agency do not survive dismissal of the claim against the policy itself.  The trial court properly dismissed the action against Agent and Agency.

Maples further argues TFMIC was guilty of bad faith in the claims process under the policy it issued.  Our research reveals most of the cases dismissed on the statute of limitations basis have included claims for bad faith.  When Maples failed to timely

institute suit within the period required by the policy, any claim for bad faith became irrelevant or moot.

Despite having a copy of the policy in his possession well in advance of the one year plus sixty days, Maples failed to institute suit against TFMIC, Agent, or Agency until after the statute of limitations had expired. It is black letter law that, absent unusual circumstances, a party to a contract is presumed to know its contents. *Philpot v. Tenn. Health Mgmt., Inc.,* 279 S.W.3d 573, 581 (Tenn. Ct. App. 2007). As we noted *Giles v. Allstate Ins. Co., Inc.,* 871 S.W.2d 154 (Tenn. Ct. App. 1993):

> It will not do, for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written.

*Giles*, 871 S.W.2d at 156-157 (citations omitted). An insured has the duty to verify the information in an application for insurance before signing it. *Montgomery v. Reserve Life Ins.*, 585 S.W.2d 620, 622 (Tenn. Ct. App. 1979). Maples's inability to read does not excuse him from this duty. The trial court was correct in dismissing this entire suit.

## V CONCLUSION

The judgment of the trial court is affirmed. The case is remanded for collection of costs assessed below. Costs of the appeal are taxed to the appellant, Warren Bruce Maples.

_____
JOHN W. McCLARTY, JUDGE

- 7 -