Bruce **BAGWELL**, Plaintiff-Appellant,

v.

**CANAL INSURANCE COMPANY,**
Defendant-Appellee.

No. 81–5354.

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs Oct. 13, 1981.

Decided Nov. 12, 1981.

Ray L. Jenkins, Knoxville, Tenn., for plaintiff-appellant.

R. Hunter Cagle, Knoxville, Tenn., for defendant-appellee.

Before KEITH and BROWN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Bruce Bagwell, a resident of Tennessee, sued the defendant insurance company for breach of contract. Jurisdiction is based on diversity of citizenship. Tennessee law controls. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The complaint averred that Bagwell in good faith purchased from the defendant insurance company a commercial motor vehicle policy which, *inter alia*, insured against the theft of Bagwell's tractor trailer; that the tractor trailer later was stolen; and that the insurance company refused to pay the loss. Bagwell sought damages for $85,000, which involved the value of the truck up to policy limitations, consequential damages, and for the bad faith statutory penalty prescribed by T.C.A. § 56–7–105.

District Judge Robert L. Taylor rendered a memorandum opinion on April 9, 1980, and dismissed the complaint on the ground that the plaintiff made a misrepresentation on his application for insurance which increased the risk assumed by the company. Bagwell appeals. We affirm.

Upon joint motion of the parties, the appeal has been submitted on briefs without oral argument.

The controlling Tennessee statute, T.C.A. § 56–7–103, provides as follows:

**56–7–103. Misrepresentation or warranty will not avoid policy—Exceptions.** —No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor, by the assured or in his behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss. [Acts 1895, ch. 160, § 22; Shan., § 3306; Code 1932, § 6126; T.C.A. (orig. ed.), § 56–1103.]

The issues are analyzed concisely in the memorandum opinion of District Judge Taylor as follows:

The parties do not dispute the applicable law: If the misrepresentation on plaintiff's application increases the risk of loss, such misrepresentation makes the policy voidable. T.C.A. § 56–7–103; *Womack v. Blue Cross and Blue Shield*, 593 S.W.2d 294 (Tenn.1980). Such misrepresentation need not have been made fraudulently or with an intent to deceive;

even an innocent misrepresentation may be the basis for invalidating an insurance policy if it increases the insurer's risk. *Lane v. Travelers Indemnity Co.*, 499 S.W.2d 643 (Tenn.App.1973).

Thus, two specific issues are presented: (1) Whether plaintiff misrepresented any facts on his insurance application; and (2) if so, whether such misrepresentation increased the defendant's risk of loss on the policy. The first issue is one of fact; and the second is an issue of law. *Womack v. Blue Cross and Blue Shield, supra.*

The proof is undisputed that plaintiff provided the following answers to the questions on the Application for Commercial Motor Vehicle Insurance. (Ex. 7);

13. Who was your insurance carrier last year? None carried before, furnished by Debco.

14. Who were your insurance carriers for the two years before that? Furnished by company hauling for, Debco. It is also undisputed that the following statement, which appears immediately above the plaintiff's signature, applies to these questions and answers:

I hereby certify that the information above is true and agree that a misrepresentation of any of the facts by me will constitute reason for the company to void or cancel any policy issued on the basis of this application . . . .

Debco, referred to in the application, is a small coal mining operation in Elk Valley, Tennessee. Plaintiff testified that he never worked directly for Debco, but did work for one Jim Douglas who he thought had a contract with Debco. He said he thought he was covered under a policy issued to Debco which covered Douglas and Douglas' drivers. Plaintiff admitted that he had had no insurance of his own for seven years immediately preceding his application to Canal.

James L. Douglas testified by deposition. He said he runs a coal hauling business called Fuel Coal Company. He admitted that plaintiff had hauled some coal for him, but denied that he supplied insurance for him. Douglas testified that

he has never hauled coal for Debco and that he has no knowledge concerning that operation.

Douglas further testified that he hires independent truckers and pays them by the ton. He does not consider these truckers to be his employees, and he requires them to have liability insurance. (This requirement was corroborated by the testimony of Joe M. Underwood, another independent trucker who had hauled for Douglas.)

\* \* \* \* \* \*

[W]e feel the evidence is clear that plaintiff was never insured through either Debco, Jim Douglas, or Fuel Coal Company. We find that plaintiff had never been covered by insurance during his seven years as an independent trucker when he applied to Canal. Therefore, his answers to Questions 13 and 14 on the application to Canal were false.

A misrepresentation having been found in the application, it is for the Court to decide whether it increases the insurer's risk of loss. Mr. Jeff Trueluck, vice-president for defendant Canal, testified that the absence of prior insurance on an application would cause his company to investigate the applicant more thoroughly before issuing a policy. He said that had Questions 13 and 14 not been answered, his company would have returned the policy to the agent for an explanation. If it had turned out that the applicant was a new driver, the company would have charged higher premiums. Mr. Trueluck further testified that his company would not have written a policy for a truck driver with seven years' experience who had not been covered before. Further, Mr. Stan Amey, of Northwestern Fire Insurance Company, testified as an expert that in his opinion most companies would refuse to issue a policy under these circumstances.

We are forced to conclude that in his application plaintiff stated that he carried insurance when, as a matter of fact, he did not have insurance. This was a misstatement in the application which increased the risk and consequently renders the policy voidable.

Counsel for plaintiff was sincere in his contention that plaintiff did not make a false statement in his application with the intent to deceive the insurance company. Since we have found that the misstatement increased the risk, however, plaintiff's intent to deceive is immaterial. *Lane v. Travelers Indemnity Co., supra.* For this reason, the Court has reluctantly reached the conclusion that the policy is voidable.

■ We too reach the same decision reluctantly. Although the Tennessee courts have not considered the application of T.C.A. § 56–7–103 to a false answer to the specific question involved here, we must exercise our best judgment as to how a Tennessee court would hold if confronted with these facts. *See, e. g., Winston Corporation v. Continental Casualty Co.,* 508 F.2d 1298, 1304 (6th Cir.), *cert. denied,* 423 U.S. 914, 96 S.Ct. 218, 46 L.Ed.2d 142 (1975). When this court is reviewing a district judge's interpretation of state law, we give "considerable weight" to the interpretation of the judge. *Randolf v. New England Mutual Life Ins. Co.,* 526 F.2d 1383, 1385 (6th Cir. 1975).

■ We conclude that Judge Taylor interpreted Tennessee law correctly. The Tennessee courts have held uniformly: ... "any misrepresentation which naturally and reasonably influences the judgment of the insurer in making the contract is a misrepresentation that 'increases the risk of loss' within the meaning of the statute." *Broyles v. Ford Life Ins. Co.,* 594 S.W.2d 691, 693 (Tenn. 1980), quoting *Little v. Washington National Ins. Co.,* 34 Tenn.App. 593, 241 S.W.2d 838, 840 (1951). Moreover, it does not matter that the misrepresentation was unrelated to the cause of the loss. *See Montgomery v. Reserve Life Ins. Co.,* 585 S.W.2d 620, 622 (Tenn.App.1979) (matter misrepresented on application for life insurance not related to cause of death). Since the only information concerning whether such a misrepresentation as the one involved here would reasonably influ-

ence an insuror was that "most companies would refuse to issue a policy under these circumstances," the district judge concluded that the misrepresentation increased the risk of loss within the meaning of the statute.

The decision of the district court is affirmed. No costs are taxed. The parties will bear their own costs in this court.