**LITARA LANGKILDE, Plaintiff,**

**v.**

**NATIONAL WESTERN LIFE INSURANCE COMPANY and SOUTH SEAS FINANCIAL SERVICES, INC., Defendants.**

High Court of American Samoa
Trial Division

CA No. 55-01

April 30, 2002

Before RICHMOND, Associate Justice, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, David P. Vargas
For Defendant, Katopau T. Ainuu

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiff Litara Langkilde is the named beneficiary of a life insurance policy issued to deceased Marcus Langkilde ("decedent") by defendant National Western Life Insurance Company ("NWL"), and purchased through defendant South Seas Financial Services, Inc. ("South Seas"). Plaintiff submitted a claim for the insurance proceeds to NWL upon deceased's death. NWL denied the insurance claim because decedent allegedly withheld information concerning his health at the time of application—a misrepresentation that would void the policy.

Plaintiff subsequently brought suit against NWL and South Seas. NWL and South Seas moved for summary judgment, and at the hearing on the motion on March 11, 2002, the issue was submitted on the parties' briefs.

### Standard of Review

A court deciding a motion for summary judgment must assume the truth of the evidence presented by the non-moving party and draw from the evidence the inferences most favorable to the non-moving party. *Plaza Dep't Store, Inc. v. Duchnak*, 26 A.S.R.2d 82, 83 (Trial Div. 1994); *D. Gokal & Co., Ltd. v. Daily Shoppers Inc.*, 13 A.S.R.2d 11, 12 (Trial Div. 1989). Summary judgment is only appropriate when no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. *Plaza Dep't Store*, 26 A.S.R.2d at 83; T.C.R.C.P. 56(c).

### Discussion

Based on the legal arguments at hand, we raise two questions to decide this motion. First, what did decedent represent to NWL as his medical condition at the time of the application? Second, was this a misrepresentation based on the evidence at hand?

## A. Decedent's Representations to NWL

In April 1999, decedent met with South Seas' employee Afa Roberts ("Roberts") to fill out his application for life insurance. The application sought information pertaining to decedent's medical condition at that time. This line of inquiry, according to Roberts, involved the oral question of whether decedent had been hospitalized for any reason over the previous five years and whether he had any illnesses. The corresponding written questions on the application itself asked if decedent, in the past five years, had received any diagnostic medical test, had taken medication for any disease, or knowingly had any disease not listed in the earlier portion of the application. Decedent's answer to these questions was that he suffered from high blood pressure. Decedent then signed the application.

Plaintiff, who applied for life insurance with decedent and attended this meeting, claims that Roberts did not ask her or decedent to review the application before signing it. Plaintiff points out that Roberts never specifically asked decedent if he had diabetes or heart disease. She also does not remember Roberts specifically asking decedent if he had any illnesses, other than those inquired about earlier in the application. In fact, according to plaintiff, in conjunction with questions four and five of the application, Roberts only orally asked decedent if he was taking any medication and if decedent had been hospitalized within the previous five years. Plaintiff claims that she had no knowledge of decedent's diabetes or heart condition at the time of application.

As discussed above, we must accept the evidence that sheds the best light on the non-moving party's case. This leaves us with the written application, signed by both decedent and plaintiff, and Roberts' oral questions on whether decedent had been hospitalized in the previous five years and whether decedent was taking any medication, to which decedent admitted to being medicated for high blood pressure, but did not admit to having diabetes or a heart condition.

First, we consider decedent's oral representations. As information about the high blood pressure medication was the only response by decedent, even according to plaintiff's statement, we can conclude that decedent orally represented to Roberts that he was not taking medication for diabetes or anything other than high blood pressure. *See, e.g., Phoenix Mut. Life Ins. Co. v. Raddin*, 120 U.S. 183, 189 (1886) (where an answer of the applicant to a direct question purports to be a complete answer to the question, any substantial omission in the answer avoids a policy issued on the faith of the application); *Gillan v. Equitable Life Assur. Soc.*, 10 N.W.2d 693, 696-97 (Neb. 1943); 46 AM. JUR. 2D *Insurance* § 1008 (2000). Also based on plaintiff's statement, we can conclude that

decedent orally represented to Roberts that he was not hospitalized in the five years previous to the date of application.

Next, we consider decedent's written representations, made by signing the insurance application. Questions four and five of the insurance application demanded of decedent whether, in the past five years, he had been given a blood or urine test, or had taken any medication for any condition, or even had any disease or condition not indicated earlier in the application. While the boxes for each question are marked yes, the application indicates that decedent was treated for, and taking medication for, hypertension. This comports with plaintiff's oral testimony. Accordingly, by signing the application, we can conclude decedent made the written representation that the only disease decedent had in the preceding five years was hypertension, and the only medication he had taken in the past five years was for hypertension. *See Phoenix Mut.*, 120 U.S. at 189.

## B. Decedent's Misrepresentations

Plaintiff has not produced evidence that decedent was not diabetic or did not have knowledge of his diabetes, only that she did not have knowledge of his condition at the time of the application. Plaintiff also argues that decedent was not taking medication for diabetes at the time of the application. However, she did not claim that decedent did not take any medication for diabetes in the preceding five years. Of course, the burden is on the moving party to establish the facts that would cause decedent's representations to be misrepresentations.

NWL and South Seas point to decedent's medical records submitted with the motion. Plaintiff objects to the admissibility of these records for lack of foundation, failure to authenticate, and hearsay. NWL and South Seas also submitted their letter to plaintiff of October 19, 1999, denying plaintiff's claim, and the statement of NWL's employee Al Steger ("Steger"). Each of these submissions accuse decedent of having concealed a busy medical history in the five years preceding application, a medical history substantiated by the medical records submitted. This history included treatment for diabetes and other problems, including the prescription of diabetes medication. The letter asserts that decedent was noncompliant with his medical regime for treatment of diabetes. The letter also asserts decedent was referred to a medical center for cardiac arrest.

As noted above, plaintiff has not contradicted this evidence. Even if the references in the letter and statement to the medical records were insufficient foundation to consider the medical records as evidence, each of these sources is evidence of the contents of the record. It is true that

201

we must look at the evidence in the best light possible for the non-moving party. However, when the moving party introduces evidence of a set of facts and the non-moving party fails to contradict this evidence, even with a simple statement disagreeing with their truth, it is difficult to find a positive light for the non-moving party.

■ As decedent represented that he did not have any medical condition other than hypertension, and did not take medication for any medical condition other than hypertension, for the five years preceding his date of application, and there is uncontested evidence that decedent in fact had knowledge of another medical condition or conditions and had been medicated for a medical condition, decedent in fact misrepresented his medical condition to NWL and South Seas when he applied for life insurance.

## C. Effect of Misrepresentations

■ An untrue statement in regard to a matter materially affecting the health of a life insurance applicant, made by one who knows the statement is not true, allows the insurer to avoid the policy. *See* 43 AM. JUR. 2D *Insurance* § 1056 (2000) (the rule is "unanimous"). Plaintiff challenges the evidence presented by NWL and South Seas indicating that NWL would not have issued the life insurance policy if full information had been disclosed, apparently asserting any alleged misrepresentation would be immaterial. However, NWL and South Seas need not prove the policy would not have been issued at all to show materiality. If a misrepresentation causes the insurer to assume a risk it otherwise would not have taken, or would not have taken at the rate of premium charged, there is a legal ground for avoidance. *See Bagwell v. Canal Ins. Co.*, 663 F.2d 710, 711 (6th Cir. 1981); *Allstate Ins. Co. v. Winnemore*, 413 F.2d 858, 862 (5th Cir. 1969); 43 AM. JUR. 2D *Insurance* § 1015 (2000). Plaintiff has not introduced any evidence to counter Steger's statement, and the logical assumption, that the rate of premiums would have been different if the insurer had known decedent's true medical condition. To suggest the premiums would have remained unchanged even if NWL had knowledge of decedent's diagnosed diabetes is absurd. Thankfully plaintiff has not made this suggestion. Accordingly, decedent's misrepresentations were material to the risk, and justify avoiding the policy.

## Order

Even when viewing the submitted evidence in the best light for plaintiff's case, decedent materially misrepresented the conditions of his health when he applied for life insurance. Accordingly, NWL and South Seas properly denied plaintiff's claim for the insurance proceeds.

202

The motion of NWL and South Seas for summary judgment against plaintiff is therefore granted.

It is so ordered.