**Ronald G. FREEZE, et al.**

v.

**TENNESSEE FARMERS MUTUAL INSURANCE COMPANY**

Court of Appeals of Tennessee, Eastern Section, AT KNOXVILLE.

December 13, 2016 Session

Filed 03/28/2017

Permission to Appeal Denied by Supreme Court August 16, 2017

Eric J. Burch, Manchester, Tennessee, for the appellants, Ronald G. Freeze and Carla R. Freeze.

Thomas L. Kilday, Greeneville, Tennessee, for the appellee, Tennessee Farmers Mutual Insurance Company.

## OPINION

D. Michael Swiney, C.J., delivered the opinion of the court, in which Charles D. Susano, Jr. and Thomas R. Frierson, II, JJ., joined.

Ronald G. Freeze and Carla R. Freeze ("Plaintiffs") appeal the order of the Circuit Court for Sevier County ("the Trial Court") granting summary judgment to Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers"). The Trial Court found and held that material misrepresentations made by Plaintiffs on their application for property owner's insurance increased the risk of loss thereby causing the insurance policy to be void pursuant to Tenn. Code Ann. § 56-7-103. We find and hold that Tennessee Farmers made a properly supported motion for summary judgment showing that Plaintiffs could not

establish an essential element of their claim for insurance benefits, and that Plaintiffs failed to show that there were genuine disputed issues of material fact. We, therefore, affirm the grant of summary judgment to Tennessee Farmers.

## Background

On February 7, 2014, Plaintiffs applied for a property owner's insurance policy from Tennessee Farmers to insure a house located on Laurel Lane in Sevierville, Tennessee ("the House"). The application for the policy ("the Application") included a Section B containing the following questions and answers pertinent to this appeal:

5. Any pending legal action or insurance claim? No (Give type and amount)

\* \* \*

11. Ever been charged with, convicted of, or pled guilty to a felony crime of any type? No (Give type and year) (**If yes, Agent cannot bind**)

12. Ever been charged with, convicted of, or pled guilty to arson, fraud, theft, or drug related crime of any type? No (Give type and year) (**If yes, Agent cannot bind**)

Below the questions contained in Section B and above the signature lines where Plaintiffs signed, the Application stated, in pertinent part:

I(We) hereby apply for insurance and have provided all of the above information and answers to questions in Sections A & B and the "Applicant's Additional Remarks Form", (if used). . . . I(We) understand that the company relies on this information and I(we) warrant that all blanks in Sections A & B have been completed prior to my(our) signing this application and that all information is true, correct and complete for all applicants and residents of the household. This application, including the "Applicant's Additional Remarks

Form" (if used), accurately reflects the information and answers to questions as I(we) have provided them. I(We) understand that any misrepresentations or failure to fully complete all questions truthfully and fully will void this insurance.

On February 15, 2014, mere days after the Application was completed, the House was destroyed by fire. In August of 2014, Tennessee Farmers refused to pay Plaintiffs for the fire loss asserting that Plaintiffs had made material representations when they applied for the policy on the House with regard to two arrests of Plaintiff Ronald G. Freeze, one for simple possession and one for DUI fourth offense.

Plaintiffs filed this suit seeking, among other things, to be awarded the full amount of the benefits under the policy. Tennessee Farmers filed a motion for summary judgment alleging that Plaintiffs made misrepresentations on the Application which rendered the policy void relieving Tennessee Farmers of their obligation to pay benefits. Tennessee Farmers supported their motion for summary judgment by filing, among other things, Plaintiffs' responses to requests for admissions, which states, in pertinent part:

1. Admit that on March 1, 2011 Ronald G. Freeze was arrested on the charge of DUI 4th offense (a felony) in Coffee County, Tennessee.

RESPONSE: Admit.

\* \* \*

3. Admit that on March 1, 2011 Ronald G. Freeze was arrested on the charge of possession of a Schedule III drug, hydrocodone, in Coffee County, Tennessee.

RESPONSE: Admit.

\* \* \*

5. Admit that on March 1, 2011 Ronald G. Freeze was arrested on the charge of

violation of the implied consent law in Coffee County, Tennessee.

RESPONSE: Admit.

\* \* \*

7. Admit that on June 15, 2011 Ronald G. Freeze was indicted by a Coffee County grand jury on the charges of (1) DUI 4th offense (a felony), (2) possession of a Schedule III controlled substance, hydrocodone, (3) violation of the implied consent law and (4) speeding.

RESPONSE: Admit.

\* \* \*

9. Admit that on March 24, 2013 Ronald G. Freeze was arrested on the charge of possession of Schedule II controlled substances, Xanax and oxycodone, in Coffee County, Tennessee.

RESPONSE: Admit.

\* \* \*

11. Admit that on March 24, 2013 Ronald G. Freeze was arrested on the charge of possession of a weapon under influence in Coffee County, Tennessee.

RESPONSE: Admit.

\* \* \*

13. Admit that on March 24, 2013 Ronald G. Freeze was arrested on the charge of assault/simple assault in Coffee County, Tennessee.

RESPONSE: Admit.

\* \* \*

15. Admit that on March 24, 2013 Ronald G. Freeze was arrested on the charge of violation of implied consent law in Coffee County, Tennessee.

RESPONSE: Admit.

\* .\* \*

17. Admit that on March 24, 2013 Ronald G. Freeze was arrested on the charge of DUI 4th offense (a felony) in Coffee County, Tennessee.

RESPONSE: Admit.

\* \* .\*

19. Admit that in its October, 2013 session a Coffee County grand jury indicted Ronald G. Freeze on the charges of (1) DUI 4th offense B 2 counts [a felony], (2) violation of the implied consent law, (3) assault, (4) possession of a handgun while under the influence B 2 counts, (6) [sic] possession of a Schedule II controlled substance (oxycodone) and (6) possession of a Schedule IV controlled substance (alprazolam).

RESPONSE: Admit.

\* \* \*

21. Admit that on February 7, 2014 Ronald G. Freeze was under indictment for the four criminal charges set forth in the Indictment attached as Exhibit 4 and for the eight criminal charges set forth in the Indictment set forth in Exhibit 10.

RESPONSE: Admit.

Tennessee Farmers also filed the affidavit of Chuck Durden, which states:

1. My name is Chuck Durden. I am a duly licensed insurance agent in Tennessee and an authorized sales agent for Tennessee Farmers Insurance Companies. I maintain an office at the Sevier County Farm Bureau in Sevierville, Tennessee.

2. On February 7, 2014 I met with Ronald Greg Freeze and Carla Freeze and took from them the attached application to insure their residence located at 1714 Laurel Lane in Sevierville, Tennessee. Prior to that date I did not know either of them. I asked Mr. and Mrs. Freeze all of the 33 questions set forth in Section B of the application, which they answered, and I wrote the answers that they gave to me on the application as shown. I specifically asked them question Nos. 5, 11 and 12 and they answered "No" to each of the questions. Both Ronald Greg Freeze and Carla

Freeze answered "No" to having "any pending legal action or insurance claim", to "ever been charged with, convicted of, or pled guilty to a felony crime of any type" and to "ever been charged with, convicted of or pled guilty to arson, fraud, theft or drug-related crime of any type?".

3. After I completed the attached application with the answers provided to me by Mr. and Mrs. Freeze I handed the application to them to read and sign and both of them signed their names to the application in my presence. If they had answered "Yes" to either questions 11 or 12 regarding a criminal history I would not have, and would have been unable to in accordance with Company policy, completed and signed the application to bind coverage, at which time, if I had proceeded at all, I would have contacted Home Office property underwriting for instructions with respect to further consideration of the application for coverage.

4. In reliance upon the "No" answers on the application, particularly to questions 11 and 12, I signed my name to the application and submitted it to the Tennessee Farmers' Home Office underwriting department.

Plaintiffs responded to the motion for summary judgment and filed, among other things, the affidavit of Plaintiff Ronald G. Freeze, which states, in pertinent part:

2. On February 7, 2014, my wife and I applied for property insurance with an agent of Tennessee Farmers Mutual Insurance Company. I have been insured by Tennessee Farmers Mutual Insurance Company for many years.

3. With regard to the questions regarding whether I have been charged with a drug offense or a felony, the agent asked my wife and I as follows: "Neither one of you are felons are you?"

My wife and I truthfully answered that we were not felons because I had not been convicted of a drug offense, nor had I been convicted of a felony.

4. The agent for Tennessee Farmers Mutual Insurance Company filled out the entire application. He handed the application to me and my wife. We signed the application, just as we have in our past dealings with Tennessee Farmers Mutual Insurance Company.

After a hearing on the motion for summary judgment, the Trial Court entered its order on April 4, 2016 granting Tennessee Farmers summary judgment after finding and holding:

This matter came on to be heard before the undersigned on March 7, 2016 upon Motion for Summary Judgment filed on behalf of the defendant and plaintiffs' Response in Opposition thereto. Upon consideration of the Motion, Briefs, Affidavits and other pleadings filed in support thereof and in opposition thereto, arguments of counsel and upon the entire record, the Court announced its findings of fact and conclusions of law from the bench, finding that there is no genuine issue of material fact and that the defendant is entitled to summary judgment, thereby dismissing the complaint, inasmuch as the plaintiffs, Ronald and Carla Freeze, made material misrepresentations of fact upon their application for insurance insuring their property on Laurel Lane in Sevierville, Tennessee in which they answered "NO" to the application question "Any pending legal action or insurance claim?", in which they answered "NO" to the application question "Ever been charged with, convicted of, or pled guilty to a felony crime of any type?", and in which they answered "NO" to the application question "Ever been charged with, convicted of or pled guilty to arson, fraud,

theft or drug related crime of any type?", under circumstances where, at the time of application, Ronald Freeze was under indictment in Coffee County, Tennessee on 12 criminal charges for which he had been previously arrested, which charges included two felony counts of DUI 4th offense and drug related crimes for possession of Schedule II, III and IV drugs, which misrepresentations increased the risk of loss to the defendant insurer as a matter of law, causing the insurance policy to be void, for which plaintiffs are not entitled to recover any insurance benefits for the fire loss to their residence and contents occurring on or about February 15, 2014.

Plaintiffs appeal the grant of summary judgment to Tennessee Farmers.

## Discussion

Although not stated exactly as such, Plaintiffs raise one issue on appeal: whether the Trial Court erred in granting summary judgment to Tennessee Farmers after finding that misrepresentations made by Plaintiffs on the Application increased the risk of loss to Tennessee Farmers. As our Supreme Court has instructed:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of

the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

\* \* \*

> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a

genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S.Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264–65 (Tenn. 2015) (emphasis in original).

As pertinent to this appeal, Tenn. Code Ann. § 56-7-103 provides:

**56-7-103. Misrepresentation or warranty will not void policy—Exceptions.**

No written or oral misrepresentation or warranty made in the negotiations of a contract or policy of insurance, or in the application for contract or policy of insurance, by the insured or in the insured's behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless the misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss. Tenn. Code Ann. § 56-7-103 (2016).

"[D]etermining whether a particular misrepresentation increases an insurance company's risk of loss is a question of law for the court." *Smith v. Tennessee Farmers Life Reassurance Co.*, 210 S.W.3d 584, 589 (Tenn. Ct. App. 2006). In *Smith v. Tennessee Farmers Life Reassurance Co.* this Court addressed issues involving alleged misrepresentations contained in a policy for insurance stating:

Tenn. Code Ann. § 56-7-103 authorizes an insurance company to deny a claim if the insured obtains the policy after misrepresenting a matter that increased the company's risk of loss. A misrepresentation in an application for insurance increases the insurance company's risk of loss if it naturally and reasonably influences the judgment of the insurer in making the contract. *Vermont Mut. Ins. Co. v. Chiu*, 21 S.W.3d at 235; *Sine v. Tennessee Farmers Mut. Ins. Co.*, 861 S.W.2d 838, 839 (Tenn. Ct. App. 1993); *Seaton v. National Grange Mut. Ins. Co.*, 732 S.W.2d 288 –89 (Tenn. Ct. App. 1987). It need not involve a hazard that actually produced the loss in question. *Loyd v. Farmers Mut. Fire Ins. Co.*, 838 S.W.2d 542, 545 (Tenn. Ct. App. 1992).

The courts may use the questions an insurance company asks on its application to determine the types of conditions or circumstances that the insurance company considers relevant to its risk of loss. *Johnson v. State Farm Life Ins. Co.*, 633 S.W.2d 484, 487 (Tenn. Ct. App. 1981). Additionally, the courts frequently rely on the testimony of insurance company representatives to establish how truthful answers by the proposed insured would have affected the amount of the premium or the company's decision

to issue the policy. *See, e.g., Bagwell v. Canal Ins. Co.*, 663 F.2d 710, 712 (6th Cir. 1981); *Vermont Mut. Ins. Co. v. Chiu*, 21 S.W.3d at 235. A finding that the insurer would not have issued the policy had the truth been disclosed is unnecessary; a showing that the insurer was denied information that it, in good faith, sought and deemed necessary to an honest appraisal of insurability is sufficient to establish the grounds for an increased risk of loss. *Vermont Mut. Ins. Co. v. Chiu*, 21 S.W.3d at 235; *Loyd v. Farmers Mut. Fire Ins. Co.*, 838 S.W.2d at 545.

*Smith v. Tennessee Farmers Life Reassurance Co.*, 210 S.W.3d 584, 590 (Tenn. Ct. App. 2006).

Unlike the case now before us, *Smith v. Tennessee Farmers Life Reassurance Co.* involved life insurance. Plaintiffs argue that this factual distinction should effect and change the analysis and should result in a different outcome for the case now before us. The relevant principles discussed and applied in *Smith v. Tennessee Farmers Life Reassurance Co.*, however, apply equally as well to the case now before us. We note that in *Smith v. Tennessee Farmers Life Reassurance Co.* this Court cited and relied upon *Vermont Mut. Ins. Co. v. Chiu*, a case involving property owner's insurance in which this Court stated:

> A misrepresentation made in an application for insurance increases the risk of loss "when it is of such importance that it 'naturally and reasonably influences the judgment of the insuror in making the contract.'" *Sine*, 861 S.W.2d at 839 (quoting *Seaton v. National Grange Mut. Ins. Co.*, 732 S.W.2d 288, 288–89 (Tenn. Ct. App. 1987)); *Loyd v. Farmers Mut. Fire Ins. Co.*, 838 S.W.2d 542, 545 (Tenn. Ct. App. 1992). "The matter misrepresented must be of that charac-

ter which the court can say would reasonably affect the insurer's judgment." *Volunteer State Life Ins. Co. v Richardson*, 146 Tenn. 589, 244 S.W. 44, 49 (1922). As stated in *Loyd*,

> [i]t is not necessary to find that the policy would not have been issued if the truth had been disclosed. It is sufficient that the insurer was denied information which it sought in good faith and which was deemed necessary to an honest appraisal of insurability. *Loyd*, 838 S.W.2d at 545.

*Vermont Mut. Ins. Co. v. Chiu*, 21 S.W.3d 232, 235 (Tenn. Ct. App. 2000).

▮ The material facts are not in dispute in the case now before us. We need look no further than the Application to determine whether the misrepresentations made by Plaintiffs were of a character that would reasonably affect the judgment of Tennessee Farmers. The Application asked not just one but three separate questions along the same line in an attempt to determine whether the applicant had any pending legal action; ever had been charged with, convicted of, or pled guilty to a felony; or ever had been charged with, convicted of, or pled guilty specifically to arson, fraud, theft, or drug related crime of any type. Plaintiffs answered 'no' to each one of those questions, which the undisputed evidence in the record on appeal shows was a misrepresentation of the true facts. Plaintiff Ronald G. Freeze had "pending legal action" against him as he had been indicted on felony charges and specifically on drug related charges. Ronald G. Freeze's assertion in his affidavit that he and his wife answered these questions truthfully because he had not yet been convicted of a felony or a drug crime is disingenuous. The questions on the Application clearly asked if the applicants had any pending legal action and also clearly asked if the applicants

ever had been *charged with* a felony or a drug related crime. The questions did not ask solely about convictions.

Furthermore, the Application contained several questions with regard to the subject, which shows that Tennessee Farmers had determined that the answers to these questions were important enough to ask the question multiple times in slightly different ways to be sure to obtain this information. Section B of the Application contained only thirty-three questions and three of those questions addressed the issues that Plaintiffs misrepresented.

It also is significant that questions 11 and 12 provided in bold type directly after each of the questions that if the answer to the question was 'yes,' then the insurance agent was unable to bind. Clearly, Tennessee Farmers had determined prior to the Application being completed that the information reasonably sought through these questions presented an increased risk of loss because it prevented its agents from binding the company if an applicant answered 'yes' to either question.

Plaintiffs assert that when they applied for the policy the insurance agent phrased the question to them as: "Neither one of you are felons are you?" Plaintiffs argue that they answered the question truthfully because Plaintiff Ronald G. Freeze had not been convicted of a felony at the time that the Application was completed. This argument is disingenuous as well. First, as this Court discussed in *Smith v. Tennessee Farmers Life Reassurance Co.*: "The failure to read an application for insurance does not insulate an applicant from errors or omissions in a signed application. A party's signature binds him or her as [a] matter of law to the representations in the signed document." *Smith v. Tennessee Farmers Life Reassurance Co.*, 210 S.W.3d at 591. Second, as noted above, Plaintiffs did not simply give an incorrect answer to one question. Plaintiffs incorrectly answered all three of the relevant questions out of the thirty-three questions contained in Section B of the Application.

We find and hold that the misrepresentations made by Plaintiffs with regard to Plaintiff Ronald G. Freeze's pending legal action and indictment on felony and drug related charges increased the risk of loss to Tennessee Farmers pursuant to Tenn. Code Ann. § 56–7–103. As there are no genuine disputed issues of material fact, and Tennessee Farmers made a properly supported motion for summary judgment showing that the misrepresentations made by Plaintiffs on the Application increased the risk of loss, we find no error in the Trial Court's April 4, 2016 order granting summary judgment to Tennessee Farmers.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, Ronald G. Freeze and Carla R. Freeze, and their surety.